## No. 8012.

### STATE OF LOUISIANA vs. WILLIS ROUNTREE.

The accused cannot object to going on trial, for want of his witnesses, without presenting the proper affidavit.

The absence of jurors who have been summoned, when the panel can be completed from those present, is no legal reason for not trying the case.

A lack of sufficient understanding or intelligence is a legal cause for the discharge of a juror.

APPEAL from the Sixth Judicial District Court, parish of Morehouse. *Brigham*, J.

---

J. C. Egan, Attorney General, for the State, Appellee.

When the accused does not make an affidavit of what he expects to prove by absent witnesses, the court will overrule his motion for a continuance.

It is in the judge's discretion to issue attachments or not for absent jurors, when there are enough present to complete the panel. 11 A. 81.
The judge has the power to decide upon the competency of jurors. Act 94 of 1873.

C. T. Dunn for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J.   The accused having been tried under an indictment for murder, found guilty without capital punishment, and sentenced to the State penitentiary for life, appeals from the verdict and sentence, and alleges the following irregularities during the progress of his trial :

1st.   That he was not allowed sufficient time to prepare his defense, and that he was forced to trial on the very day that he issued subpœnas to three witnesses, of whose testimony he was thus deprived by the arbitrary ruling of the court.

It does not appear from the record, nor from the bill of exceptions, whether the objections to the day of trial were made by the accused on the day that the case was fixed for trial, or on the day of trial itself.

If they were urged on the day that the case was called and fixed for trial, they were properly overruled by the court, as not urged at the proper time.   If urged on the day of trial, they should have been made in the shape of a written motion, supported by proper affidavit as to the materiality of the facts which he expected to prove by the witnesses whose presence he required for his defense.   In either case the court did not err in forcing him to trial.

2d.   The accused complains in the second place, of the ruling of the judge in the following particular : That on being called, five jurors whose names were on the panel and on the venire, Daily, Roberts, Hatch, Campbell and Vaughn, failed to answer, whereupon the judge stated that three of said jurors, Daily, Campbell and Vaughn, had been excused by the court, two days previous, from further attendance by reason of sickness ; upon which accused objected to proceed further with the trial unless it were shown that the three jurors were sick and unable to attend on that day, which objection was overruled.   And the accused further objected to proceed further with the trial without the presence and attendance of the two other jurors, Hatch and Roberts, who had failed to answer when called, and moved for attachments for said jurors, which were granted by the judge, who, however, refused to postpone the trial until said jurors could be brought into court.   To both of these rulings the accused reserved his bill of exceptions.

We must confess our surprise at the serious manner with which counsel for the accused urges this frivolous objection, the effect of which is to divest the district judge of all discretion in the conduct of a trial in

his court, and would compel him to suspend and postpone an important trial in order to secure the attendance of absent jurors, when there were enough present to complete the panel, as shown by the record in this case. 11 A. 81 ; 28 A. 631.

Finally, the accused complains of the discharge for cause of three jurors, who, upon examination by the judge, were pronounced incompetent, as lacking sufficient intelligence to act as jurors. In this the judge did not err. A lack of sufficient understanding or intelligence is as serious a disqualification as to be deaf and dumb, and it was a protection to the accused to refuse to place his life on trial in the hands of men incompetent to intelligently pronounce upon his guilt or innocence.

We see no error in the judgment appealed from, and it is, therefore, affirmed.