[No. 21055. Department One.—March 6, 1894.]

THE PEOPLE, RESPONDENT, *v.* THOMAS EDWARDS, APPELLANT.

CRIMINAL LAW—IMPANELING JURY.—A defendant accused of crime has the right to have in the jury-box, before the impaneling a jury begins, all the names of the jurors from which are to be drawn the jury by which he is to be tried.

ID.—RIGHT OF PEREMPTORY CHALLENGE.—The right of peremptory challenge is one of the chief safeguards of a defendant against an unjust conviction, and courts ought to permit the freest exercise of this right, within the limits fixed by the legislature.

ID.—JURY-BOX—RESTORATION OF NAMES OF JURORS—DISCHARGE OF PANEL —NEW IMPANELMENT.—Where a jury has been partially impaneled while another jury was engaged in deliberating upon its verdict, which is discharged before the impanelment of the new jury is complete, it becomes the duty of the clerk to restore their names to the jury-box, and when the attention of the court is drawn to the fact it should grant the motion of the defendant to discharge those jurors who had already been sworn, and to impanel the jury anew, and its failure to do so is a prejudicial error.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Benjamin B. Haskell,* for Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

HARRISON, J.—The defendant was convicted of burglary in the second degree in entering a room of a building on Market street, in San Francisco, with intent to commit larceny, and was sentenced to the state prison for three years.

When the court commenced to impanel the jury for the purpose of trying the defendant, twelve of the jurors who were in attendance upon the court had been impaneled to try another cause, and were then deliberating upon their verdict, and the slips upon which their names were written had been tied together by a rubber band, and placed by the clerk in the jury-box. When five or six jurors had been drawn and sworn in the

present case, this other jury came into court with their verdict, and were discharged. The clerk did not, however, remove the band from their names until after ten jurors had been accepted and sworn to try the defendant, nor until after the defendant's counsel had called the attention of the court to this fact. The defendant's attorney then moved for the discharge of the jury upon the ground that it had been irregularly and illegally drawn and impaneled, and, after the completion of the jury, made another motion for its discharge upon the same grounds. These motions were denied by the court and exceptions taken. It appears from the minutes of the trial, of which a copy is included in the judgment-roll, that out of the twelve jurors first drawn in the box, four were peremptorily challenged by the defendant, and seven accepted and sworn in the case, and that before ten had been accepted and sworn, three others were peremptorily challenged by the defendant. Of the four next drawn he challenged three peremptorily, and was compelled to accept the twelfth juror against his will.

It does not appear how many jurors were in attendance upon the court whose names should have been in the jury-box before the impaneling of the jury began; but the defendant had the right to have all the names of the jurors from which were to be drawn the jury by which he was to be tried, in the jury-box before the impaneling began. (Code Civ. Proc., sec. 246.) It is to be assumed that the defendant knew the names of the jurors in attendance upon the court, as it was a part of the records of the court, and also those to whom he might wish to take a peremptory challenge. The right of peremptory challenge is one of the chief safeguards of a defendant against an unjust conviction, and courts ought to permit the freest exercise of this right, within the limits fixed by the legislature. Any diminution in the number of names in the jury-box would reduce the proportion of acceptable jurors, and to the same extent diminish the opportunity of the defendant to exclude

from the jury those against whom he could assign no legal cause for challenge, but with whom, for some reason that he was not called upon to explain, he might be dissatisfied. If therefore, when the other jury were discharged, their names had been placed in the jury-box, this increase of the number of names from which the jurors to try him were to be drawn would have rendered it less probable that the names of those whom he wished to challenge peremptorily would be drawn, and, consequently, he would have had a better opportunity to be tried by a jury against which he had no objection. While the other jurors were actually engaged in deliberating upon the verdict for which they had been impaneled it would be immaterial to the defendant whether their names were in or out of the jury-box, as it would be impracticable to have them impaneled in the case, but, when they were discharged from that verdict, it was the duty of the clerk to restore their names to the jury-box, and when the attention of the court was drawn to the fact, it should have granted the motion of the defendant to discharge those that had already been sworn, and impanel a jury anew. Its failure to do so wrought a prejudicial error to the defendant, and for this reason the judgment is reversed.

GAROUTTE, J., and PATERSON, J., concurred.