Fish v. Glass.

---

## Joseph Fish et al. v. Charlotte M. Glass.

1. STATUTE OF FRAUDS—*Contract Void By—No Impediment to Making Another.*—An oral contract to serve another for a year beginning on the first day of the next October, for $45 per week, is not binding upon the parties under the statute of frauds, but it is no impediment to their making a new contract upon the same subject-matter.

2. DAMAGES—*Breach of Contract of Employment.*—Where a person is employed for a stated period and discharged without cause, in estimating the damages, it is proper to deduct from the loss of wages what such party earned or might have earned, elsewhere, during the period of idleness, but the burden of proof is on the defendant to show the amount of such earnings or possible earnings.

3. PLEADING—*Similiter.*—A similiter is not absolutely necessary.

4. JURORS—*Improper Examination of.*—In an action to recover wages, a juror. on his *voir dire,* testified in reply to questions put by defendant's counsel that he once had difficulty with his employers touching payment of wages.   Counsel for defendant then inquired of the juror whether the

trouble or difficulty in question would prejudice him against the defendants in the trial of the case, but the court ruled that the question was improper. *It was held,* the ruling was right.

5. SAME—*Essentials of the Proceeding.*—The only purpose in examining jurors is to ascertain whether they can try this case fairly. As to what a juror would do under the particular state of proof is not a proper matter of examination.

**Memorandum.**—Assumpsit for wages. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANTS' BRIEF, NEWMAN & NORTHRUP AND S. O. LEVINSON, ATTORNEYS.

It was the duty of the plaintiff to make such efforts and in every way to strive to reduce the damage, if any, she might suffer by reason of the alleged wrongful discharge, and failing so to do, she can not recover. Wood on Master and Servant, p. 238 (Ed. 1877); Polk v. Daly, 14 Abb. Pr. Rep. (N. S.) N. Y. 156.

A juror who, on his *voir dire* has a preference in case the evidence is evenly balanced, is properly challenged for cause. Thompson on Trials, Vol. 1, Sec. 73; Mina Queen v. Hepburn, 7 Cranch. (U. S.) 290; Meaux v. Whitehall, 8 Brad. 173; Chicago, etc., Co. v. Adler, 56 Ill. 346; Chicago, etc., Co. v. Buttoff, 66 Ill. 347; Galena, etc., Co. v. Haslam, 73 Ill. 494; Richmond v. Roberts, 98 Ill. 472.

The contract set out in the declaration was not within the purview of the statute of frauds, but was alleged to be a simple contract for one year, to commence *instanter.* A defendant need not plead the statute of frauds unless the contract within its purview is alleged against him in the declaration. Taylor v. Merrill, 55 Ill. 52; Runde v. Runde, 59 Ill. 98; Meyers v. Schemp, 67 Ill. 469.

APPELLEE'S BRIEF, ST. JOHN, FRENCH & MERRIAM, ATTORNEYS.

He who prevents anything being done shall not avail himself of the non-performance thus occasioned. Bebee v.

Whitehead, Breese, 174; Meyers v. Geer, 59 Ill. 436; People ex rel. v. Olden, 82 Ill. 93; Newcomb v. Brackett, 16 Mass. 161; Smith v. Lewiss, 26 Conn. 110.

Tender to one who announces in advance that he will not receive it is unnecessary. Thayer v. Meeker, 86 Ill. 470; 2 Greenleaf on Evidence, Sec. 603; Lacy v. Wilson, 24 Mich. 479.

When a party can show that the other prevented his performance of the contract, it is to be taken as *prima facie* true, that he would have performed it, had he not been prevented. McCreary v. Green, 38 Mich. 172.

Mr. Justice Gary delivered the opinion of the Court.

It clearly appeared on the trial of this case by the testimony of one of the appellants, who were conducting a business having in it what was called a Parisian Suit Department, that in September, 1892, they made a bargain with the appellee, who was then in their service in that department, to serve them for a year, beginning on the first day of the next October, for $45 per week.

There was no writing, and, as the brief of the appellants truly says, the statute of frauds prevented that bargain from binding the parties.

It was no impediment to their making a new one.

Then, also, from the testimony of the same appellant, it appears that early in October, the appellee had an offer of another place, upon better terms, and then the parties made a new bargain, that she should have $50 per week for the year. The statute of frauds is not in the way of this bargain, as the time in which it was to be performed was then less than a year. Early in July, the appellants, on account of exigencies of their own business, and admittedly for no fault of the appellee, discharged her, and have paid her nothing since. She remained idle, wanting work. She has in this suit recovered the amount of her wages from the time of discharge to October 1, 1893.

There can be no defense to a suit like this except to deduct from the claim of the appellee what she earned or might

have earned, elsewhere, during the period of idleness; and the burden of proof was on the appellants to show how much that was, or should have been. Fuller v. Little, 61 Ill. 21; Wood, Mas. & Serv. 238.

She testified to unavailing efforts she made to obtain other employment, and her readiness to fulfill her engagement with the appellants is an almost necessary inference. If they wished to revoke the discharge, they should have notified her.

On the merits there can be no reasonable complaint of the judgment.

The case was tried upon a " short cause calendar," against the objection and exception of the appellants. It appears that the plea was filed before the declaration was, but that does not prevent the two making an issue. No other plea was ever filed, and the case was tried upon the issue then made. No similiter is absolutely necessary. Hazen v. Pierson, 83 Ill. 241.

There is some confusion in the record as to identity of the affidavit upon which the cause was brought on for trial, but we can not find that there was any irregularity, and for such mere technicalities we do not make a very anxious search.

The real grievance on the part of the attorneys of the appellants, or at least that of which their complaint is most emphatic, is shown by the following extracts from the record :

" James D. Johnson, on his *voir dire*, testified in reply to questions put by defendant's counsel that he had difficulty with his employers touching payment of wages. Thereupon the counsel for defendants inquired of the said juror whether the trouble or difficulty in question would prejudice him against the defendants in the trial of this case, but the court ruled that the question was improper, and that the juror need not answer the question, to which ruling of the court the defendants by their counsel then and there duly excepted."

" Edward Ryan, a juror, on his *voir dire*, testified: I am a fur dresser, employed at 198 Division street; working for

Fish v. Glass.

Bromberg; don't know the plaintiff; never heard of this suit; never had any trouble with my employers, or dispute about wages.

Q. Let me ask you here: Suppose in this case that the court instructs you that the plaintiff—

The Court: I won't permit such questions—as to what they would do on a certain state of proof.

(To which ruling of the court the defendants by their counsel then and there duly excepted.)

Mr. Northrup: Now, let me ask you, if the evidence were equally balanced—

The Court: That you need not answer.

(To which ruling of the court the defendants by their counsel then and there duly excepted.)

Mr. Northrup: Suppose, Mr. Ryan, that in this case the plaintiff could put in evidence—

The Court: I won't permit that kind of examination at all.

(To which ruling of the court the defendants by their counsel then and there duly excepted.)

The Court: The only question that seems to me to be in this matter is, whether they can try this case fairly. Now, as to what he would do under the particular state of proof, I don't think it is a proper matter of examination.

Mr. Northrup: I don't see, your honor, how I can determine whether a juror has a prejudice or not unless I examine him on that behalf."

  *   *   *   *   *   *   *

" The Court: Any further questions of this witness?

Mr. Northrup: I will see shortly.

The Court (immediately): Well, you may be excused.

Mr. Northrup: If the court please, I wish to note an exception to the court's ruling, and to state that I simply desire to confer with my associate counsel, Mr. Levinson, for a moment.

The Court (immediately): Is there any further question to be asked of the witness? Otherwise, I will excuse her. Is there anything on the re-direct?

Exception by defendants."

There is too much of the same sort as to jurors to put in the whole; it occupies eleven printed pages of the abstract.

That this preposterous method of examining jurors did at one time have the sanction of the Supreme Court, is no excuse for continuing it, since the decision in C. & A. R. R. v. Fisher, 141 Ill. 614.

It is an extension of a vicious practice which grew up— how, probably nobody can tell—in criminal cases, and described and reprobated by Gaston, Judge, one of the ablest who ever sat on the bench of any State, in State v. Benton, 2 Dev. & Bat. Law, 196, at page 221.

A judge regardful of his duty, desires to dispatch business with some regard to the interests of the public; and under the ermine of the judge, is the cuticle of the man. Anglo-American P. & P. Co. v. Baier, 31 Ill. App. 653.

Justice is done and the judgment is affirmed.