THE STATE OF KANSAS v. J. L. BURSAW.

No. 14,936.   (87 Pac. 183.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Accused as a Witness* — *Instructions* — *Interest—Credibility.*   When an accused becomes a witness in his own behalf it is not error for the court to call attention to his testimony and to advise the jury that they may consider his interest in the result of the trial as affecting his credibility.

2. ——— *Leading Questions—New Trial.*   The court has a wide discretion in permitting leading questions in the examination of witnesses, and only the abuse of such discretion affords grounds for a new trial.

3. INTOXICATING LIQUORS — *Separate Sales.*   Each of several sales of liquor to the same persons, being independent and distinct from the others, is to be regarded as a separate sale, although such sales were made in quick succession and within a brief time.

Appeal from Morris district court; OSCAR L. MOORE, judge.  Opinion filed October 6, 1906.  Affirmed.

*C. C. Coleman,* attorney-general, and *W. J. Pirtle,* county attorney, for The State; *M. B. Nicholson,* of counsel.

*Clarence A. Crowley,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.:  J. L. Bursaw was convicted of unlawfully selling intoxicating liquors.  The information contained five counts, and upon a trial he was found

guilty on the first and second counts, the judgment imposed being imprisonment for thirty days and a fine of $100 on each count.

He insists on this appeal that the evidence does not sustain the conviction; that it does not in any event show more than one unlawful sale. The state elected to rely on sales of whisky to four young men on each of the three counts. According to their testimony they obtained three bottles of whisky from defendant and drank it in his presence. While the liquor was all procured by these parties and drank within a brief space of time, the sales appear to have been three separate transactions. The young men state that the defendant furnished them with a bottle of whisky and that they "chipped in" and paid him for it, and when that was drunk they bought another bottle and again "chipped in" for its payment, and in the same way a third bottle was purchased and paid for. It thus appears that each bottle was a separate sale, and each sale was, therefore, a distinct offense. There is no lack of evidence to sustain the verdict.

The complaint that leading questions were asked by the state and allowed is without merit. Only a few questions which might be regarded as leading and to which objection was made were asked, and it is manifest that the defendant suffered no injury from the form of the questions. The court has a wide discretion in allowing leading questions, and only an abuse of such discretion affords ground for reversal.

Objection is made that three of the witnesses to whom liquor was sold were permitted to testify in respect to their ages. It appears that they ranged from eighteen to twenty-one years of age, a fact that was patent to all, and while the evidence was not material it was certainly not prejudicial.

In instructing the jury the court called special attention to the testimony of the defendant, saying: "He testifies as an interested witness, and from an inter-

ested standpoint, and as such you should consider his testimony." In the same connection the jury were informed that he was a competent witness, and that his evidence was to be considered in connection with the other evidence and circumstances surrounding the case, and given such weight as the jury might think it entitled to. The jury have a right in all cases, in measuring testimony, to consider the interest which any witness may have in the result of the litigation, and the court may properly call their attention to that right. Ordinarily a court is not warranted in singling out a witness and commenting on his particular interest in the case, but when an accused becomes a witness in his own behalf the court is justified in calling attention to the interest which he has in the result and stating that it may be considered in determining his credibility. (Hughes, Ins. to Juries, §§ 226, 227.) The credibility of a witness is, of course, a question for the jury, and the court should never use language discrediting a witness nor indicate an opinion as to the weight which should be given to his testimony. Here the court appears to have placed no estimate on the evidence of the defendant, but allowed the jury to determine his credibility, saying that in doing so they were at liberty to consider the interest he had in the result of the trial.

Attention is called to remarks made by the county attorney in his argument to the jury, but those mentioned in the brief are not of a serious nature; and, besides, they were not brought to the attention of the court when made, and exceptions to them are not preserved in the record. The judgment is affirmed.

All the Justices concurring.