# THE STATE OF NORTH DAKOTA UPON THE RELATION OF ANNIE PEPPLE v. JOE BANIK.

## (131 N. W. 262.)

**Jury — Absence of Jurors Called — Discretion of Trial Judge.**

1. When jurors are being drawn for examination on *voir dire* in a civil action, and some called are absent, it is no error to excuse the absentees and draw others in their places. The trial judge is vested with wide discretion in such matters.

**Jury — Selection — Rights of Litigants as to Jurors.**

2. The court is not required to delay the trial of a cause until the jurors who have failed to respond at the call of their names are brought into court. A litigant is not prejudiced when the persons present to be sworn as jurors are good and lawful men, and competent under the rules of procedure to be sworn in his case.

**Jurors — Examination — Peremptory Challenge.**

3. It is proper to sustain objections to interrogatories propounded prospective jurors, where the examiner assumes the facts in the case in order to ascertain the jurors' opinion in advance, even for the purpose of laying a foundation for peremptory challenges.

**Bastardy — Jury — Challenges.**

4. In bastardy proceedings, where jurors on *voir dire* state that the complaint upon which the proceedings are founded might influence their minds if introduced in evidence, it is no error to overrule a challenge when the juror swears that he can and will try the case upon the evidence presented and the law as given by the court.

**Bastardy — Evidence — Hypothetical Questions.**

5. In bastardy proceedings, where the question of the premature birth of the children is involved, it is not error to ask the mother to state generally the length of the child at the time of birth, and to use her answers as basis for hypothetical questions propounded to a physician in order to elicit his opinion as to whether the children were in fact prematurely born.

**Bastardy — Remarks of State's Attorney.**

6. Under the facts in this case, *held* not error for the court to fail to admonish the jury with reference to certain statements made .by the counsel for the state in his address to the jury.

**Bastardy — Instruction — Appeal and Error.**

7. The defendant, in writing, asked the court to charge the jury as follows: "I charge you that, in the general course of nature and under the evi-

21 N. D.—27.

dence in this case, the period of gestation is from 249 to 285 days, and unless you find that the defendant had sexual intercourse with the complainant within such period, your verdict must be for the defendant." *Held,* not error to refuse the request, as the testimony showed a wider period of gestation than that stated in the request, and the court in its charge gave instruction on the same matter.

**Trial — Instruction — Duty to Request.**

8. Where a party to the action deems the charge of the court not sufficiently explicit, he should present written requests for instruction. Landis v. Fyles, 18 N. D. 587, 120 N. W. 566, followed.

**Bastardy Proceedings — Sufficiency of Evidence.**

9. Evidence examined, and *held* sufficient to justify the verdict.

Opinion filed April 15, 1911.

Appeal from District Court, Wells county; *Burke,* Judge.

Bastardy proceedings by the state, on the relation of Annie Pepple, against Joe Banik. From a judgment adjudging him to be the father of the bastard child, defendant appeals.

Affirmed.

*Plinn H. Woodward* and *Edward H. Wright,* for appellant.

A litigant is entitled to select the jury from the entire panel present and competent to act. People v. Edwards, 101 Cal. 543, 36 Pac. 7; People v. Compton, 132 Cal. 484, 64 Pac. 849.

A witness cannot give his opinion upon an inquiry embracing the whole merits of the case, leaving nothing for the jury. Betts v. Betts, 113 Iowa, 111, 84 N. W. 975; Marshall v. Hanby, 115 Iowa, 318, 88 N. W. 801; McGibbons v. McGibbons, 119 Iowa, 140, 93 N. W. 55; Briggs v. Minneapolis Street R. Co. 52 Minn. 36, 53 N. W. 1019; Wilson v. Reedy, 33 Minn. 503, 24 N. W. 191; Read v. Valley Land & Cattle Co. 66 Neb. 423, 92 N. W. 622; Baltimore & O. R. Co. v. Schultz, 43 Ohio St. 282, 54 Am. Rep. 805, 1 N. E. 324; Fernandez v. Burleson, 110 Cal. 164, 52 Am. St. Rep. 75, 42 Pac. 566; Davis v. Fuller, 12 Vt. 178, 36 Am. Dec. 334.

Improper statements by counsel in the argument to the jury, unrebuked by the court, are ground for new trial. Sullivan v. Chicago, R. I. & P. R. Co. 119 Iowa, 464, 93 N. W. 367; Mattoon Gaslight & Coke Co. v. Dolan, 111 Ill. App. 333; Rudolph v. Landwerlen, 92 Ind. 34; Jung v. Theo. Hamm Brewing Co. 95 Minn. 367, 104 N. W. 233;

Hayes v. Smith, 62 Ohio St. 161, 56 N. E. 879; Houston, E. & W. T. R. Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 805; Fred Heim Brewing Co. v. Hamilton, 137 Iowa, 376, 114 N. W. 1039; Bjoraker v. Chicago, M. & St. P. R. Co. 103 Minn. 400, 115 N. W. 202; Kiehlhoefer v. Washington Water Power Co. 49 Wash. 646, 96 Pac. 220.

It is error not to define the issues to the jury, and not to charge generally as to the law of the case. C. Aultman & Co. v. Martin, 37 Neb. 826, 56 N. W. 622; Barton v. Gray, 57 Mich. 622, 24 N. W. 638; People v. Murray, 72 Mich. 10, 40 N. W. 29; Sandwich Mfg. Co. v. Shiley, 15 Neb. 109, 17 N. W. 267; Sioux City & P. R. Co. v. Finlayson, 16 Neb. 578, 49 Am. Rep. 724, 20 N. W. 860; York Park Bldg. Asso. v. Barnes, 38 Neb. 834, 58 N. W. 440.

To convict of bastardy, proof must show intercourse at a time so that, in the course of nature, the child could have been begotten by defendant. Sonnenberg v. State, 124 Wis. 124, 102 N. W. 233; Souchek v. Karr, 78 Neb. 488, 111 N. W. 150; Masters v. Marsh, 19 Neb. 458, 27 N. W. 438; Allred v. State, 151 Ala. 125, 44 So. 60; 9 Current Law, 386, and cases cited in note 64; Sang v. Beers, 20 Neb. 365, 30 N. W. 258; Stoppert v. Nierle, 45 Neb. 105, 63 N. W. 382.

*John A. Layne* and *Lee Combs,* for respondent.

It is not error not to delay trial and compel the attendance of absent jurors. People v. Collins, 105 Cal. 504, 39 Pac. 16; Johns v. State, 55 Md. 350; People v. Vermilyea, 7 Cow. 369; Green v. State, — Tex. Crim. Rep. —, 65 S. W. 1075; Stephens v. State, 31 Tex. Crim. Rep. 365, 20 S. W. 826; 24 Cyc. Law & Proc. p. 248, ¶ 6, and cases cited; State v. Rountree, 32 La. Ann. 1144; Boles v. State, 24 Miss. 445.

Jurors cannot be questioned as to how they would act upon certain contingencies, or in case certain evidence developed in the case. Fish v. Glass, 54 Ill. App. 655; Woollen v. Wire, 110 Ind. 251, 11 N. E. 236; Keegan v. Kavanaugh, 62 Mo. 230; Com. v. Van Horn, 188 Pa. 143, 41 Atl. 469; Hughes v. State, 109 Wis. 397, 85 N. W. 333; Chicago & A. R. Co. v. Fisher, 141 Ill. 614, 31 N. E. 406.

An observer may state the result of his observations on matters upon which is possessed equal knowledge, when they cannot be made more perceptible to the jury. Vermillion Artesian Well, E. L. Min. & Improv. Co. v. Vermillion, 6 S. D. 467, 61 N. W. 802, and cases cited;

Hubbard v. State, 72 Ala. 164; Jackson v. State, 29 Tex. App. 458, 16 S. W. 247; 17 Cyc. Law & Proc. p. 87.

BURR, District Judge. One Annie Pepple makes complaint under oath, charging that she is an unmarried woman, and that the defendant is the father of her unborn child, begotten on or about the 17th day of March, A. D. 1908, in Wells county. On or about the 15th day of November, 1908, the complaining witness was delivered of two bastard children, one of which died within a month of birth, and the other being alive at the time of trial. The defendant entered a general denial of the charge, and the case came on to be heard on the 16th day of February, 1909, at which time a verdict was rendered by a jury impaneled to try the case, declaring in effect that the defendant is the father of the bastard children of the complaining witness. Judgment was entered in conformity with said verdict, and, after his motion for new trial was denied, the defendant appealed to this court from the judgment and from the order denying his motion for a new trial, alleging some forty-four errors occurring during the trial, and including the specification that the verdict is contrary to the evidence, as being against the instructions of the court. No question has been raised as to the title of this case, nor any amendment suggested by either party.

The first class of errors has to do with the impaneling of the jury. It appears from the record that among the persons regularly drawn and served to appear as jurors at the term of court at which this case was tried were one D. and one H. The names of these jurors were in the jury box, and when the first twelve jurors were called for examination, the names of these two jurors were called along with others, but neither responded to his name, nor was present during the examination. At the request of counsel for the plaintiff, and against the demand of the defendant, the court ordered the names of two other jurors drawn in place of the absentees. The defendant duly excepted to this direction and order of the court, which order is assigned as error.

There is no merit in this assignment of error. The appellant argues that he was "entitled to have the names drawn from the box, and to have the jurors whose names were so drawn serve upon the trial, unless they are excused." There is nothing in the record to show that the jurors ever appeared in court. The defendant made no application for an attachment to issue to bring them in, nor does he show that he was

prejudiced in any way by the order of the court. As stated in Johns v. State, 55 Md. 350: "The accused has no special right in having any particular individual or individuals presented to be sworn as jurors, rather than others equally competent. All that he has a right to demand is that the persons presented to be sworn as his triers shall be good and lawful men, competent under established rules of law to be sworn in his case." The trial court has a wide discretion in excusing jurors, and his act in this case amounted to excusing these two jurors temporarily. This is the uniform practice in our state, and in the absence of prejudice shown, the defendant cannot complain of injury. As stated in People v. Collins, 105 Cal. 505, 39 Pac. 18: "If the court were required to suspend proceedings until an attachment could be served and the juror's presence secured, the impanelment of a jury would almost prove interminable."

See also State v. Rountree, 32 La. Ann. 1144.

Appellant cites People v. Edwards, 101 Cal. 543, 36 Pac. 7, and People v. Compton, 132 Cal. 484, 64 Pac. 849. In these cases all the names of the jurors present were not in the box at the time the jury was drawn, nor were the absentees excused. These cases cited were criminal cases, whereas this proceeding is a civil action. Our Code of Criminal Procedure contemplates that a criminal trial may proceed, even if a juror is absent when his name is drawn. Rev. Codes 1905, § 9943.

During his examination of the jury, the defendant, from time to time, interrogated the jurors drawn with reference to the weight they would attach to the complaint in this action sworn to by the prosecutrix, and, when the court sustained the objections of the plaintiff thereto, duly excepted, and has assigned some seventeen errors based upon this action of the court. The following question is a fair sample of this line of examination: "Suppose the state should present a sworn complaint to you, in which she swore that Joe Banik is the father of her child, and should not offer any other evidence, and the defendant should not offer any evidence of any kind; what would be your verdict, that he was guilty or not?" The objection to this line of examination is well taken, and the court committed no error in sustaining it. The defendant, in his brief, practically admits that the complaint could not have been received in evidence under the rules of practice, but claims that it was necessarily before the jury in their deliberations, being the

initial pleading in the case. "Questions as to what a jury would do or not do under a supposititious state of affairs may properly be ruled out." Hughes v. State, 109 Wis. 397, 85 N. W. 333; Fish v. Glass, 54 Ill. App. 655; Keegan v. Kavanaugh, 62 Mo. 230. In Niezorawski v. State, 131 Wis. 166, 111 N. W. 250, it is stated that inquiries as to the effect on the mind of a prospective juror of the finding of an indictment are not within the proper scope of his examination. The inquiries of the defendant related simply to the possible action of the jury upon hypothetical cases, and no party has a right to assume the facts and ascertain the juror's opinion in advance. Com. v. Van Horn, 188 Pa. 143, 41 Atl. 469, 472; Woollen v. Wire, 110 Ind. 251, 11 N. E. 236.

Defendant alleges that he had a right to so interrogate the jury in order to lay a foundation for peremptory challenges. In Chicago & A. R. Co. v. Fisher, 141 Ill. 614, 31 N. E. 406, where the trial court refused to allow the appellant to ask three jurors how they would decide if evidence were equally balanced, and where the appellant claimed he had a right to so interrogate in order to lay a foundation for peremptory challenges, the court says: "In civil cases it is the absolute duty of jurors to take the law from the court, and they are not supposed to know what the rules of practice are that govern in the progress of a cause through the court. . . . In our opinion the denial of permission on the preliminary examination of jurors, to obtain from them, by means of hypothetical questions that call for the decision of a question of law, a prejudgment of the case, and a statement in favor of which party they would decide in a supposed state of the evidence, is not error." See also Thomp. Trials, § 102.

Seven of the jurors had been thus interrogated, and the defendant exhausted his peremptory challenges in removing three of them from panel. This examination took place, of course, before the court gave its charge to the jury, and the fact that the court in its charge did not instruct the jury to disregard the complaint as evidence does not make the court's ruling error, in the absence of a request to that effect on the part of the defense. In his brief the defendant says: "The omission of the court to so charge (against considering the complaint as evidence), especially in view of the interrogatories propounded to the jurors, may well have been taken by them as an indication that in the mind of the court the jurors were entitled to consider the complaint

as evidence." It was the defendant himself that propounded the interrogatories, and, in the absence of a request to the contrary, he cannot be heard to complain thereof.

Three of the jurors, on their examination, and before the objections of the respondent to this line of examination were sustained by the court, stated that they might give some weight and attach some importance to the sworn complaint of the prosecuting witness, and at first appeared to be doubtful whether they could disregard it. Each juror, however, swore that he could and would try the case solely upon the evidence. The defendant challenged each juror for cause, which challenges were overruled. This ruling is assigned as error, particularly in view of the fact that these men served on the jury, and all of the defendant's peremptory challenges were exhausted in the selection of the jury. There is no merit in this contention. The ruling of the trial court on the matter of challenges is entitled to great weight. State v. Werner, 16 N. D. 83, 112 N. W. 60. The defendant could not be heard in complaint so long as his cause is tried by a jury who can and will try the case solely on the evidence and the law of the case. There is nothing in the examination of the said jurors to indicate prejudice or bias on their part against the defense.

During the trial of the case, it was argued that the children born to the complaining witness of necessity must have been premature. The complaining witness alleged that the children were begotten on or about the 17th day of March, 1908. In order to show that the children were in fact of premature birth, the counsel for the plaintiff asked the prosecuting witness the following questions: "Do you remember how long they were from head to soles of the feet?" "Can you tell generally what the length of them was from the head to the feet?" "Do you know what the length of them was?" "Can you tell generally what the length of them were from the head to the feet?" The defendant objected to these questions as being incompetent, irrelevant, and immaterial, and calling for conclusions of the witness, alleging that the length of the children was subject to exact measurement, and was not a subject for opinion evidence. Upon the answers of the prosecuting witness to these questions, the state based in part the hypothetical questions propounded to a physician. The prosecuting witness claimed that she and the defendant had had sexual intercourse for the first time on the 17th of March, 1908. That she never had intercourse with any

man prior to that time. It is conceded that the children were born November 15, 1908. There was no error in overruling the objections to these questions, nor in permitting the physician to testify as to whether children of the length and weight testified to by the prosecuting witness, conceived at the time alleged and born at the time admitted, were in fact premature. The prosecutrix testified that one of the children lived only twenty-one days; that each child was about a foot long, and weighed from 5½ to 6 pounds; and the state had a right to assume these as facts, and then to ask the expert as to whether, in his opinion, the children were in fact prematurely born. Other objections to the introduction of testimony were made. It would do no good to set these out in full. We find no errors in the rulings of the trial court with reference to the introduction or exclusion of evidence.

During his argument to the jury, the state's attorney made use of the following expression: "A bastardy action is to find out who the father of the child is. Otherwise the support of the child would fall upon the state." The appellant's counsel promptly excepted to this statement, and asked the court to admonish the jury to disregard it. The defendant excepted to the failure of the court so to do, and this failure is charged as prejudicial error. The state's attorney was not referring to the particular case at bar, but in a general way was stating the object of bastardy proceedings. There is no error in such ruling. It is true the support of a bastard child may not necessarily fall upon the state, even where its paternity has not been established, but there could be no prejudice to the defendant in this statement.

A written charge was given, and, before the said charge was delivered, the defendant filed with the court a written request for the following instruction: "I charge you that, in the general course of nature, and under the evidence in this case, the period of gestation is from 249 to 285 days, and unless you find that the defendant had sexual intercourse with the complainant within such period, your verdict must be for the defendant." This request was refused. There was no error in the refusal. The testimony of some of the physicians who were sworn showed that a child born 210 days after conception might survive, and that cases were on record in which children were not born until 313 days after conception. It is true that the same physician testified that the lowest average period of gestation was 249 days, but the court in its instructions to the jury said: "As the testimony of

the complaint shows the birth of the children within 244 days of the alleged acts of intercourse with the defendant, the burden is upon the plaintiff to establish, by a fair preponderance of the evidence, that the children were of premature birth, and unless you believe from the evidence that the children were in fact of premature birth, then I charge you that your verdict must be in favor of the defendant." In view of this instruction and of the testimony in this case, there was no error in refusing the written request.

The defendant excepted "to the failure of the court to define the issues in this case, and to charge the jury generally as to the law applicable thereto." The only instruction requested is the one quoted in the preceding paragraph. "If appellant desired more explicit instructions than were given by the court, they ought to have been presented to the court in writing, with the request that they be given." Landis v. Fyles, 18 N. D. 587, 120 N. W. 566. Not having been requested, the defendant cannot be heard to complain. See also State v. Haynes, 7 N. D. 352, 75 N. W. 267.

Lastly, the defendant alleges that the court erred in overruling his motion, made at the close of the state's case, to direct a verdict for the defendant, in overruling the same motion made at the close of all the testimony, and in denying his motion for a new trial on the ground that the evidence was not sufficient to justify the verdict. The evidence is amply sufficient to justify the verdict. The prosecuting witness, who was seventeen or eighteen years of age at the time the children were conceived, testified that while on a visit at the home of a married sister of the defendant, the defendant carried her into a bedroom adjacent to the living room, and there had intercourse with her several times; and that she never had intercourse with any other man. Defendant's sister and her husband both admit the presence of the prosecuting witness at their home on or about the time specified, and the fact that the prosecuting witness and the defendant retired to this bedroom. They differ on minor details, such as the time that elapsed while in the bedroom, but agree that the prosecuting witness and the defendant were in this bedroom alone for some time in the evening, and that there was no light in the room. There is no proof whatever, even suggested, that any other man had intercourse with the prosecuting witness, while the defendant's brother and uncle, who were his own witnesses, testified to the effect that the defendant had admitted he had had intercourse with

the prosecuting witness on or about the time she alleged. The prosecut-ing witness's father testified that the defendant admitted having in-tercourse with the prosecutrix, but did not want to marry the girl until he found out what time the children were born, so as to see whether he was their father. The defendant was present at the trial, and did not take the trouble to go on the stand and deny the statements of the prosecutrix. The evidence shows that the children were prematurely born, which, of itself, would tend in some degree to corroborate her statement as to the time of the conception. Under the said evidence the jury could not well have found otherwise than as they did. The jury are the judges of the facts, and their verdict will not be disturbed, in the absence of a want of substantial evidence.

The judgment of the lower court is affirmed.

All concur, except MORGAN, Ch. J., not participating, A. G. BURR, Judge of the 9th Judicial District, sitting by request.

Judge BURKE, having presided at the trial in the lower court, took no part in this hearing.