THE STATE OF KANSAS, *Appellee*, v. FANNIE GRAY, *Appellant*.

No. 18,316.

SYLLABUS BY THE COURT.

1. TRIAL—*General Instruction as to Interest, Bias or Prejudice of Witnesses.* A general instruction to the effect that it is proper to consider the interest and bias or prejudice of witnesses in judging of their credibility is sufficient unless some good reason appears for specially cautioning the jury.

2. ———— *Erroneous Instruction Given—Withdrawn—No Prejudicial Error.* No prejudicial error is shown by reading to the jury an instruction stating an abstract proposition of law not pertinent to the evidence if while argument is being made for the defendant the instruction is withdrawn and the jury is directed not to consider it, no further direction being requested.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed October 11, 1913. Affirmed.

*Arthur J. Bolinger,* of Topeka, for the appellant.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the appellee.

The opinion of the court was delivered by

BENSON, J.: On a trial for violating the prohibitory liquor law the defendant requested an instruction to the effect that the fact that witnesses had been paid for procuring evidence might be taken into consideration in weighing their testimony. Two of the witnesses for the state were connected with the State Temperance Union and had visited the defendant's place to procure evidence. There was evidence strongly corroborative of that given by these witnesses to prove that such liquors were kept, sold and drunk upon the premises in question at the dates referred to by them and at other times. In the instructions given attention was called to the interest, bias or prejudice of witnesses as proper elements to be considered in judging of their credibility. To select out from the testimony particular circumstances· tending to show possible influences which might affect the credibility of witnesses for one party may not always be entirely fair unless attention is also called to influences that might affect the interest of witnesses for the other party. Whether special attention should be called to particular matters tending to show interest or freedom from interest must depend upon the circumstances of the case on trial. Care should be taken to avoid magnifying or minifying improperly· the testimony of any witness or class of witnesses. No good reason to specially caution the jury appeared and the general charge was sufficient. (*The State v. Spiker*, 88 Kan. 644, 129 Pac. 195.)

The evidence tended to prove that the defendant occupied upper rooms in which she kept and sold and permitted the drinking of intoxicating liquors. An instruction was prepared and read to the jury declaring:

"That the finding of intoxicating liquor in the possession of a person not legally authorized to sell the same, except in a private dwelling house not used in connection with a place of business, is *prima facie*

evidence that such liquors are kept for sale or use in violation of law."

The instruction was correct as an abstract proposition. It is argued, however, that it was erroneously given because the evidence shows that the place was a private dwelling house not used in connection with a place of business. Conceding that this is true, the error, if material, was corrected by the withdrawal of the instruction, during the argument of defendant's counsel, a direction to the jury not to consider it, and its elimination from the instructions handed to the jury. No request was made for any further direction about it.

On a motion for a new trial the defendant testified that she was at Alta Vista, in another county, at the date of sales testified to by one or more of the witnesses; that her husband was with her; that other persons saw her there; that she had been unable to locate the other persons but could prove her presence there by them if they are found. She was a witness on the trial and made no mention of her absence, and although absent a week, as she now says, the absence did not occur to her on the trial but she thought of it after conviction. The abstracts do not show that her husband was a witness at the trial. He was not called nor his affidavit produced on the motion. It is not necessary to discuss the insufficiency of this showing for a new trial.

The judgment is affirmed.