No. 21,249.

THE STATE OF KANSAS, *Appellee*, v. FRANK KING, *Appellant*.

SYLLABUS BY THE COURT.

1. HOMICIDE—*Voir Dire Examination of Juror—Objection to Question Properly Sustained.* On the *voir dire* examination of jurors in a prosecution for murder, counsel for defendant asked a juror whether, in case the evidence showed that about six months before the crime was committed the defendant was intoxicated and made a threat against the deceased, that would be "evidence in your mind that he was guilty of the crime charged against him." *Held,* that an objection to the question was properly sustained.

2. SAME—*Instruction—Weight to be Given Defendant's Testimony.* Besides giving the usual instruction that the jury might properly consider the interest of any witness in the result of the trial as affecting his credibility, the court also instructed:

"You are further instructed that the defendant is a competent witness in this case, and you must consider his testimony in arriving at your verdict; but, in determining what weight and credibility you will give to his testimony in making up your verdict, you may take into consideration, as affecting his credibility, his interest in the result of the case, and that he is the accused party on the trial, testifying in his own behalf."

*Held,* that while ordinarily the giving of such an instruction under such circumstances is not approved, it can not be regarded as error since it was natural for the jury to consider the defendant's interest in the result, as well as their duty to consider it in determining the credit to be given to his testimony.

3. SAME—*Instruction Relating to Alibi.* The instructions relating to the defense of an alibi examined and held sufficient.

4. SAME—*Failure to Instruct Relative to Defendant's Crippled Condition—Not Error.* In a prosecution for murder defendant offered evidence tending to show that, because of the crippled condition of his right hand, it was a physical impossibility for him to hold and discharge an automatic pistol in the manner charged in the information, and as testified to by witnesses for the state. No special instruction

submitting this defense was asked. *Held,* that it was not error to fail to give an instruction directing the jury's attention specially thereto.

5. Same — *Motion for New Trial — Properly Overruled.* On the facts stated in the opinion there was no error in overruling the motion for a new trial.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed June 9, 1917. Affirmed.

*George McGill, Charles B. Hudson,* and *Clyde M. Hudson,* all of Wichita, for the appellant.

*S. M. Brewster,* attorney-general, *F. P. Lindsay,* assistant attorney-general, *Ross McCormick,* county attorney, *Glenn Porter,* and *H. C. Castor,* both of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant was convicted of the murder of one William Sutton. The abstract he presents is very incomplete and inadequate, but there is a statement that the appellant is without means and that his counsel was obliged to pay the expense of the appeal, and for that reason did not abstract all the evidence or all the proceedings. We are not informed as to the degree of murder of which defendant was convicted; and only fragmentary and unrelated portions of the evidence are furnished, although there is a contention that the evidence is insufficient to sustain the verdict and judgment. A supplemental abstract on behalf of the state affords no additional information except the statement that shortly after the crime was committed nine suspected persons were arrested charged with the murder and were given preliminary examinations; that Tom Peel and the appellant were bound over and charged jointly with the crime; that they demanded separate trials; that Peel was acquitted; that at the first trial of the appellant the jury disagreed, and on the second trial he was convicted.

William Sutton was murdered in his grocery store at night by persons who were attempting a robbery. Mr. Wilheit, who was in the store at the time, was shot by one of the robbers and seriously injured. He was a witness for the state and described some of the circumstances and conditions at the

time and place of the murder, and testified that the robbers had handkerchiefs across their faces and he did not recognize either of them. It is contended that he was called as a witness for the sole purpose of affecting the sympathy of the jury because of his crippled condition. It is sufficient to say that there is no merit in the contention.

Mr. Routan and Mr. Younkin, two other clerks, were in the store and testified. Their testimony is that both of the robbers had handkerchiefs about their faces. Younkin identified the appellant as the one who fired the shot which killed Sutton. He testified that the weapon used was an automatic pistol which appellant held in his right hand, and witness did not notice anything peculiar in the way the weapon was held, but that appellant was not assisted by the left hand in discharging it. His testimony is that he had known the defendant as a customer during the winter before the crime was committed and had waited on him several times. On the occasion of the murder he recognized appellant as someone he had seen but could not recall his name until he thought about it afterwards. The court sustained objections to some questions asked of this witness on cross-examination which furnishes a basis for a contention of error, but a careful examination satisfies us that the court did not unduly limit the cross-examination.

On the examination of the jurors counsel for appellant asked one of them, in substance, the question whether in case the evidence showed that about six months before the crime the appellant was intoxicated and was in the company of his wife, and said: "He was going to get Mr. Sutton, would that be evidence in your mind that he was guilty of the crime charged against him?" The court properly sustained an objection. The juror could not give an intelligent answer to such a question without knowing in advance what the court would instruct him in regard to his duties as a juror in considering and weighing the evidence. Nor would any answer he might give to the question be of assistance in disclosing his qualifications to sit as a juror. If such a question were proper, then any evidence which either party thought might be offered, could, with equal propriety, be submitted in advance to a juror

and his opinion asked as to what effect it would have on his verdict in the event he was accepted as a juror.

The court gave the usual instruction that the jury are the exclusive judges of the weight of the evidence, the credibility of the witnesses, and might properly consider the interest of any witness in the result of the trial as affecting his credibility. The court also gave the following instruction:

"You are further instructed that the defendant is a competent witness in this case, and you must consider his testimony in arriving at your verdict; but, in determining what weight and credibility you will give to his testimony in making up your verdict, you may take into consideration, as affecting his credibility, his interest in the result of the case, and that he is the accused party on the trial, testifying in his own behalf."

It is claimed that this was prejudicial error, and especially so in view of the fact that the court' had already given the usual instruction just referred to. A similar instruction has been condemned by other courts, and in a number of states has been held reversible error. (*Madison v. State,* 6 Okla. Crim. Rep. 356.) It has also been held objectionable by the supreme court of Illinois in a number of cases, on the ground that it has a tendency to lead the jury to treat the testimony of the defendant differently from that of other witnesses. (*The People v. Gerold,* 265 Ill. 448, and cases cited in the opinion.) In *The State v. Gray,* 90 Kan. 486, 135 Pac. 566, it was held that it was not error to refuse an instruction specially cautioning the jury to consider the interest, bias or prejudice of witnesses for the prosecution in a liquor case, who were connected with or in the employ of the State Temperance Union and had visited the defendant's place for the purpose of procuring evidence. The reasons given in the opinion are that, "Care should be taken to avoid magnifying or minifying improperly the testimony of any witness or class of witnesses. No good reason to specially caution the jury appeared, and the general charge was sufficient. (*The State v. Spiker,* 88 Kan. 644, 129 Pac. 195.)" (p. 487.) In the latter case it was held that there was no reason to specially caution the jury as to the testimony of the two principal witnesses in behalf of the state, it being claimed that the witnesses were persons who had made purchases of intoxicating liquors from the appellant

The State v. King.

for the purpose of procuring evidence. In *The State v. Buffington,* 71 Kan. 804, 81 Pac. 465, it was held that "An instruction that 'the defendant is a competent witness in his own behalf, and you have a right to consider his evidence and are to give it such faith and credit as you believe it entitled to receive,' when considered in connection with other instructions given, did not imply that any consideration of defendant's evidence was optional with the jury." (Syl. ¶ 5.)

Ordinarily no good reason can be suggested why defendant's testimony should be singled out specially by an instruction of this character, and more particularly where the court gives the usual instruction as to all the witnesses. Everyone knows, however, that jurors, like most all persons who hear an accused testify in his own behalf, naturally take into consideration the very things which the court called attention to in the instruction.

In *People v. Herrick,* 59 Mich. 563, the instruction to consider the relation the defendant bears to the case was held not error, since that was what any jury would in fact do in such a case; and in *Minich v. The People,* 8 Colo. 440, the court held that the jury were not only at liberty to consider the interest but it was their duty to do so. Substantially the same instruction was held not to be error in *The State v. Bursaw,* 74 Kan. 473, 87 Pac. 183.

While the giving of the special instruction complained of is not approved, we do not regard it as prejudicial error, since it was proper and natural for the jury to consider the defendant's interest in the result in determining the weight and credibility of his testimony.

The appellant produced some testimony tending to prove that he was not in Wichita on the night of the murder, and there is a contention that the court failed to instruct upon the defense of an alibi, but in one instruction the court charged that it was the duty of the jury to acquit if they believed from the evidence that defendant was not present at the time the offense was committed, and in another charged that the burden of proving his presence at the time and place devolved upon the state. Instruction No. 12 concludes with these words:

"So that, if after a full and fair consideration of all the facts and circumstances in evidence, you have a reasonable doubt as to whether the

13—101 Kan.

defendant was at the place of the alleged crime at the time of its commission, or was at another place, you are bound to give the defendant the benefit of such doubt and acquit him."

We confess our inability to understand the statement in appellant's brief that the court gave no instruction on the question of an alibi, or the basis for the contention that instruction No. 12 is insufficient. There was no request for any special instruction.

Two physicians testified that the appellant was crippled in the right hand, the thumb being entirely off, and in their opinion that he could not discharge the pistol in the manner described by the witnesses for the state. Another witness, who was not a physician, testified to the same effect. The evidence raised an issue of fact for the jury to pass upon, and there is no force in the claim that the conviction should be set aside as contrary to the undisputed evidence. No instruction was requested submitting this defense, and in view of the general instructions it was not error for the court to fail to give a special one in regard to this claim of defense.

On the hearing of the motion for a new trial counsel offered to show by a witness that he was employed by the county to investigate the circumstances of the crime; that he talked with Routan, and asked him for a description of the parties who were in the store when Sutton was killed, and that Routan said he was so scared at the time the store was being robbed he could not give an accurate description of the robbers, and did not believe that he would be able to positively identify the men. Further, that Routan gave him a different description of the men from that testified to at the trial. The only purpose the evidence could serve would be to impeach Routan as a witness, and no foundation was laid for that purpose at the trial. He was not asked anything about these statements, and therefore the evidence was not such as to entitle the defendant to a new trial.

At the hearing of the motion it was shown that during the progress of the trial one of the jurors went to sleep, or dozed; that the court spoke to and admonished him at the time. The juror testified that he only dozed for a second or two and thought it was the only time he did so during the trial, and he believed he had not missed any of the testimony. The trial

court passed upon the evidence and considered that appellant's rights had not been prejudiced by the occurrence, and we do not think the matter of sufficient importance to call for further comment.

We have considered carefully a number of assignments of error which are not argued in the brief of appellant. We find no substantial ground for reversal, and the judgment is affirmed.