STATE, Respondent, v. KRUTZFELDT, Appellant.

(221 N. W. 53.)

(File No. 6466.   Opinion filed September 22, 1928.)

*Hagen & Hagen* and *Kelly & Luby,* all of Huron, for Appellant.

*Buell F. Jones,* of Britton, and *J. C. McCoy,* of Longview, Wash., for the State.

BURCH, P. J. Defendant was convicted of unlawful possession of intoxicating liquor, and sentenced to a fine and imprisonment. From the judgment, and an order overruling a motion for new trial, he appeals.

Appellant alleges error in the refusal of the court to allow a number of hypothetical questions to be propounded to a juror. The juror was asked what his verdict would be if, after hearing the evidence, the court instructed him in stated manner, or what his verdict would be under other supposed facts. Such hypothetical questions were improper, and the court did not err in excluding them. 35 C. J. 391; State ex rel. Pepple v. Banik, 21 N. D. 417, 131 N. W. 262; Hughes v. State, 109 Wis. 397, 85 N. W. 333; Fish v. Glass, 54 Ill. App. 655; Keegan v. Kavanaugh, 62 Mo. 230; Neizorawski v. State, 131 Wis. 166, 111 N. W. 250; People v. Wiggins, 231 Ill. App. 467; Dicks v. State, 83 Fla. 717, 93 So. 137; State v. Turley, 87 Vt. 163, 88 A. 562; State v. King, 101 Kan. 189, 165 P. 665; Manning v. State, 7 Okl. Cr. 367, 123 P. 1029.

Appellant complains of an instruction to the effect that proof of the possession of intoxicating liquor is presumptive evidence that it was kept contrary to the provisions of the prohibitory law regarding intoxicating liquor. This is no longer an open question in this state. See State v. Barnes, 51 S. D. 277, 213 N. W. 504; State v. Humphrey, 42 S. D. 512, 176 N. W. 39; section 10318, R. C. 1919.

The court refused an instruction to the effect that, even though the liquor was found in the room occupied by defendant, if it was in the room without his knowledge, he should be acquitted. This was substantially covered in instruction No. 8 given by the court, in which the court told the jury that any presumption that might arise from the possession might be overcome by evidence that the defendant had no knowledge that the liquor was being kept or stored in his room. No prejudice resulted from a refusal to give the requested instruction.

We are satisfied that the judgment must be affirmed, and we do not deem it necessary to further discuss errors assigned.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.