No. 39,103

STATE OF KANSAS, *Appellee,* v. C. L. ROWLAND, *Appellant.*

(270 P. 2d 211)

 Opinion filed May 8, 1954. 

*Earl C. Moore,* of Wichita, argued the cause and *Lawrence M. Turner,* of Moline, was with him on the briefs for the appellant.

*Hubert Horning,* county attorney of Elk county, argued the cause and *Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action defendant was charged with forgery in three counts and uttering forged checks in three counts. He was acquitted on the three forgery charges and convicted on the three uttering charges. He appeals.

The defendant states the questions to be—Did the trial court err in admission of evidence, in admitting incompetent testimony; was the verdict contrary to the evidence; did the court err in sustaining objections to evidence offered by defendant; and did the court err in the form of verdicts submitted?

There are some conceded facts which will make it a little easier to follow the arguments. The forged checks were passed in Howard on August 28, 1948. On November 17, 1948, defendant was arrested in Wichita. Three state witnesses were brought to Wichita, saw the defendant and failed to identify him. In March, 1949, defendant was again arrested, taken to Howard and bound over for trial. The county attorney later dismissed this action.

Defendant filed a civil action against three state witnesses and three store owners. A demurrer to the petition was overruled. Subsequently the county attorney died and new counsel was hired to represent the defendants in the civil actions. On August 14, 1950, defendant was again arrested, a preliminary examination was had and he was bound over. His trial was had on February 23, 1951. The jury failed to agree on the three counts of forgery and he was convicted on the three charges of uttering. After the motion for a new trial was overruled, the civil action against the witnesses was dismissed. On appeal we reversed for a new trial on the ground the trial court had unduly restricted the cross-examination of state witnesses. (See *State v. Rowland,* 172 Kan. 224, 239 P. 2d 949.) The new trial has now occurred with the result already noted.

The trial was in the main concerned with identity of defendant. He argues the trial court erred in permitting counsel for the state to ask leading questions of the witnesses who testified the defendant had passed the checks in question. The witnesses should be compelled to tell their stories without prompting. The matter of whether leading questions should be permitted in any particular case rests in a large measure in the discretion of the trial court. Unless it appears this discretion was abused, a judgment based on such evidence will not be disturbed. (See *The State v. McAnulty,* 26 Kan. 533; *The State v. Bursaw,* 74 Kan. 473, 87 Pac. 183; also *Foley v. Crawford,* 125 Kan. 252, 264 Pac. 59.) The permission of these leading questions under all the circumstances was not such an abuse of the trial court's discretion as to require a reversal.

Defendant next argues that the trial court erred in unduly restricting the cross-examination of state's witnesses. This is based on the questions asked the identifying witnesses who had been defendants in the civil action. This was the point upon which the former judgment was reversed. (See *State v. Rowland,* supra.) At the time this trial occurred these actions had been dismissed.

In that opinion we pointed out that the trial court by its ruling cut

off completely the right of the defendant to cross-examine these witnesses. Such is not the case here. The trial court permitted at least one of these witnesses to be asked whether he had a personal interest or whether the former case was won by the state and he stated he did have such an interest at that time. Other questions along this line, to which objections were sustained, were improper as to form. There was no abuse of discretion in sustaining these objections.

Defendant next argues, the trial court erred in sustaining objections to questions where defendant's former wife was asked whether the names signed to the checks were in defendant's handwriting. This objection was sustained because the state was not contending that defendant actually signed these checks. This objection was good.

Defendant refers to other instances where the trial court sustained objections to evidence of a former sheriff and one other person. The evidence the state expected these witnesses to furnish was not furnished the trial court on the hearing of the motion for a new trial. Hence we will not consider the question of whether it should be admitted.

Defendant next argues the trial court erred in not granting him a new trial on account of newly discovered evidence. This relates to a witness who would have testified as to an alibi for defendant. The trial court overruled this motion because of no showing of diligence in having the witness present at the trial. This is a matter of discretion of the trial court. No abuse of discretion is shown.

The judgment of the trial court is affirmed.

THIELE, J., concurs in the result.