Decided 21 March, 1904.

## STATE v. HOUGHTON.

[75 Pac. 887.]

CRIMINAL LAW—WAIVING FILING OF MANDATE AFTER REVERSAL.

1. Though a defendant, before a second trial, may insist upon the entering of the mandate of the supreme court reversing a prior conviction (B. & C. Comp. §§ 1487 and 1488), such action is not jurisdictional, and the defendant waives it if the retrial proceeds without the point being urged.

DRAWING TRIAL JURIES IN MULTNOMAH COUNTY.

2. Under Section 976 of B. & C. Comp., providing for the drawing and summoning of jurors in Multnomah County, and Section 986, providing for filling the regular panel when it becomes depleted, the proper practice where several juries are required is to place in each box as they become available the names of jurors occupied in other trials when the selection in question commenced.

IMPEACHMENT — CONTRADICTING IMPEACHING WITNESS.

3. It is competent to show by persons who were present and heard that an impeaching witness is mistaken in saying that statements on a certain subject made by the person impeached were different on a prior occasion from those made in court on the same subject.

COMPETENCY OF TRIAL JUDGE AS A WITNESS.*

4. Under B. & C. Comp. § 856, providing that the judge may be called as a witness by either party, a trial judge is a competent witness in a criminal case to testify that there was no inconsistency between the testimony of a witness at the trial in question and that given by him at a prior trial.

WAIVER OF PLEA OF FORMER ACQUITTAL.

5. The defense of a former conviction or acquittal is one that may be waived by the defendant, being a personal privilege, and must be raised at the trial to be available. When the point is first made on a motion for a new trial it comes too late.

From Multnomah: ARTHUR L. FRAZER, Judge.

Charles Houghton appeals from a second conviction of robbery.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Wilson T. Hume.*

For the State there was a brief over the names of *Andrew M. Crawford*, Attorney-General, *John Manning*, District Attorney, and *Arthur C. Spencer*, with an oral argument by *Mr. Spencer.*

Mr. Justice BEAN delivered the opinion of the court.

_____

*NOTE.—See notes on examining judge as witness in cause on trial before him: 46 Am. St. Rep. 162 and 31 L. R. A. 465.—REPORTER.

The defendant was tried in December, 1902, on an information charging him with the crime of robbery, and convicted of "assault with intent to rob." Upon appeal the judgment was reversed and a new trial ordered: *State v. Houghton*, 43 Or. 125 (71 Pac. 982). He was again tried on the same information, found "guilty as charged," and sentenced to a term in the penitentiary. From this judgment he also appeals.

1. After the appeal had been taken, it was discovered that the judgment of this court directing a new trial had not been remitted to the court below prior to the second trial, and it is now insisted that the trial court was therefore without jurisdiction. No objection was made to the retrial on the ground that the mandate had not been issued or filed, and the trial court's attention was not called to the omission. It seems to have been assumed by all parties that the mandate had been regularly issued and duly entered, and the defendant states that such was the fact in an affidavit made by him in support of a motion for a new trial. Having thus proceeded to trial without objection, the defendant must be held to have waived the filing of the mandate: 13 Enc. Pl. & Pr. 837; *Becker* v. *Becker*, 50 Iowa, 139; *Foster* v. *Jordan*, 54 Miss. 509; *Benzinger Tp. Road*, 135 Pa. 176 (19 Atl. 942). The formal issuing and filing of the mandate was not necessary to the jurisdiction of the trial court or its authority to retry the case. Further proceedings therein, except, perhaps, for special purposes, were suspended pending the appeal. But when the cause was reversed, a new trial ordered, and the appeal finally disposed of, the court below was thereby given authority to proceed with a retrial. The statute requires a certified copy of the judgment of this court on the reversal of a cause, to be remitted to the clerk of the court below (B. & C. Comp. § 1487), and by him entered in the journals: B. & C. Comp. § 1488. This is the official mode of

communicating information of the reversal to the court below, and without a compliance therewith it could not proceed without an objection of the defendant. But it is the judgment reversing the cause and ordering a new trial which gives the trial court authority to proceed, and not the certified copy of such judgment required to be remitted to the clerk of the court below. The latter is but the official evidence, and its production may be waived by the parties, and if, after the reversal, they proceed to trial without objection, they will be held to have made the waiver.

2. The next point urged is that the jury was improperly drawn and impaneled. It appears that before the case was called for trial some of the jurors on the regular panel had been drawn to serve on a jury in another department of the court, and their names were not then in the jury box. The names remaining in the box were exhausted before the jury in this case was completed, and the court ordered that the names of certain of the persons who had previously been drawn to serve as jurors in the other department, but who in the mean time had been excused, be again put into the box, and from these the jury was completed. The defendant objected to the jurors thus drawn sitting in the case because their names were not in the box at the time the drawing began, and also objected to the entire jury because the names of all the jurors were not in the box at that time. But there was no irregularity or impropriety in the procedure adopted. The statute provides, in effect, that in all the counties of the State, except Multnomah, thirty-one jurors shall be drawn and summoned for each term of the circuit court, from which number the grand and trial juries for the term shall be selected. In Multnomah a larger number of jurors may be drawn and summoned when so ordered : B. & C. Comp. § 976. When for any reason the required number of jurors do not attend,

or when a part of them have been discharged, the court has the power to order an additional number drawn to fill up the regular panel: B. & C. Comp. § 986. The object of the statute is that there may be a sufficient number of jurors in attendance on the circuit courts in all the counties of the State other than Multnomah for a grand jury and two trial juries, and in Multnomah a sufficient number to dispose of the business of the several departments of the court properly and expeditiously. In the counties outside Multnomah the law contemplates that a jury may be drawn and impaneled although another may at the same time be deliberating upon a verdict, and in Multnomah more than one jury trial may be in progress at the same time. A litigant is entitled to have the jury for the trial of his cause impaneled from the entire panel in attendance upon the court when it can be done. If, however, a jury previously drawn is engaged in a trial or deliberating upon a verdict, it is, of course, impracticable to have the members thereof impaneled in another case; but when they are discharged or excused from further attendance their names should be immediately restored to the jury box, and may be used in completing a jury that has already been commenced. A failure so to restore the names of the excused jurors would probably be a good ground for discharging a jury otherwise impaneled: *People* v. *Edwards*, 101 Cal. 543 (36 Pac. 7).

3. For the purpose of impeaching the prosecuting witness, the defendant, after laying the proper foundation, sought to show by the official reporter of the court that his testimony on the former trial on an important point was inconsistent with that given in the case then pending. The State was thereupon permitted in rebuttal, over defendant's objection and exception, to call the bailiff of the court and the presiding judge, to show that there was no inconsistency in the testimony of the prosecuting witness,

45 OR.——8

but that it was the same on both trials.   Objection is made
to the competency of this testimony under the rule of
many courts that, where an attempt is made to impeach
a witness by proving that he has made statements out of
court inconsistent with his sworn testimony, it is not
competent, for the purpose of sustaining him, to prove
that at other times he has made statements out of court
consistent with his testimony: 10 Enc. Pl. & Pr. 329;
1 Thompson, Trials, § 573; Wharton, Cr. Ev. (9 ed.) § 492.
The evidence offered and admitted, however, was not for
the purpose of proving that the prosecuting witness had at
some other time than that referred to in the impeaching
question made statements consistent with his sworn testi-
mony, but it was with the view of showing that there was
no inconsistency in his testimony on the two trials, and
that the witness called to impeach him was mistaken.   For
that purpose it was competent: *State* v. *Mims*, 36 Or. 315
(61 Pac. 888).

4. Special emphasis is placed upon the objection made
to the trial judge testifying in the case.   In the absence
of a statute making him competent as a witness, the
weight of authority seems to be opposed to the admission
of such testimony: 3 Rice, Ev. § 196; *Maitland* v. *Zanga*,
14 Wash. 92 (44 Pac. 117); *People* v. *Dohring*, 59 N. Y. 374
(17 Am. Rep. 349); *Rogers* v. *State*, 60 Ark. 76 (29 S. W.
894, 31 L. R. A. 465, 46 Am. St. Rep. 154).   The position
and influence of the trial judge, the weight his testimony
would necessarily have with the jury in case of a conflict
with some other witness, and many other reasons which
readily suggest themselves to the legal mind point to the
conclusion that his testimony would, as said by Mr. Justice
DUNBAR in *Maitland* v. *Zanga*, 14 Wash. 92 (44 Pac. 117),
" lead to embarrassment, and would have a tendency to
lower the standard of courts and bring them into con-
tempt."   But, whatever our conclusion might be if the

question were a judicial one, the statute provides that the judge may be called as a witness by either party, and in such case it has vested in him the discretion of ordering the trial postponed or suspended, and to take place before another judge, or to proceed before him : B. & C. Comp. § 856. There was, therefore, no error under the statute in the judge's testifying in the case at bar.

5. The defendant was convicted on the former trial of an assault with intent to rob, which was deemed a lesser degree of the crime of robbery charged in the information. It is now contended that such verdict and judgment constituted an acquittal of the crime of robbery, and, under the case of *State* v. *Steeves*, 29 Or. 85 (43 Pac. 947), was a bar to a retrial of the defendant for that crime. This question was not made in the court below except by a motion for a new trial. Some of the courts hold that, where a defendant is convicted of a lesser crime than that charged in the indictment, and thereby acquitted of the greater, and a new trial is awarded, if he desires to rely upon the former judgment as a bar to the greater offense he must plead it, and, unless he does so, he may be legally tried and convicted as charged : *People* v. *Bennett*, 114 Cal. 56 (45 Pac. 1013) ; *Jordan* v. *State*, 81 Ala. 20 (1 South. 577). The authorities, however, are not in harmony on this point ; some of them holding that the court will take judicial knowledge of the former proceedings in the case even when they are not pleaded : *Robinson* v. *State*, 21 Tex. App. 160 (17 S. W. 632) ; *State* v. *Martin*, 30 Wis. 216 (11 Am. Rep. 567). All are agreed, however, that the defense of a former acquittal or conviction is a matter personal to the defendant, and one which he must make at the trial, and that it cannot be raised by a motion for a new trial : Wharton, Cr. Pl. & Pr. 477 ; 1 Bishop, New Cr. Proc. §§ 806, 813 ; 9 Enc. Pl. & Pr. 631 ; *State* v. *Childers*, 32 Or. 119 (49 Pac. 801). As no such defense was

made on the trial, the defendant must be deemed to have waived the right to rely upon a defense of a former acquittal, assuming that it could successfully have been made under the record in this case.

The judgment is affirmed.            AFFIRMED.

---

Decided 14 December, 1903; rehearing denied 17 October, 1904.