Argued October 10, affirmed November 25, 1924, argued on rehearing
January 27, former opinion adhered to February 10, 1925.

## STATE *v.* JAMES LEWIS.

(230 Pac. 543; 232 Pac. 1013.)

**Criminal Law—Appeals are Statutory, and Right of Appeal Does not
Exist, Unless Statute Gives That Right.**

1. Appeals are statutory, and right of appeal does not exist in a
given case, unless statute gives that right.

**Criminal Law—Defendant may Appeal from Judgment Entered on
Plea of Guilty.**

2. Defendant may appeal from a judgment entered on plea of
guilty, in view of Sections 1500, 1502, 1509, 1606, Or. L.; words
"judgment on conviction," as used in Section 1606, including judg-
ments entered on plea of guilty.

**Criminal Law—Motion to Set Aside Judgment and for New Trial
Treated as Motion for Permission to Withdraw Plea of Guilty.**

3. Where defendant moved to vacate and set aside judgment on
his plea of guilty and for new trial, but filed no motion in arrest,
nor requested permission to withdraw plea, and none of facts alleged
in affidavit related to any of matters referred to in Section 1491,
Or. L., motion will be treated as motion for permission to withdraw
plea of guilty.

**Criminal Law—Withdrawal of Plea of Guilty Rests in Sound Judicial
Discretion.**

4. Whether plea of guilty may be withdrawn before judgment is
pronounced, under Section 1503, Or. L., rests in sound judicial dis-
cretion of trial court, whose decision will not be disturbed, in absence
of abuse of discretion.

**Words and Phrases—"Discretion" Defined.**

5. "Discretion" is the power exercised by courts to determine
questions to which no strict rule of law is applicable, but which,

---

1.  See 2 R. C. L. 27.

2.  See 8 R. C. L. 116.

4.  Right of accused to withdraw plea of guilty, see notes in
8 Ann. Cas. 237; 16 Ann. Cas. 973; Ann. Cas. 1912D, 243. See, also,
8 R. C. L. 111, 114.

from their nature and circumstances of the case, are controlled by personal judgment of court, but is not arbitrary and unrestricted, must be exercised according to settled rules, and cannot be exercised where strict rules of law are applicable to the question at bar.

**Criminal Law—Court, in Fixing Sentence upon Conviction, Exercises Exclusive Discretion Limited Only by Statute.**

6.  On conviction, duty of pronouncing judgment rests exclusively with court, and in fixing sentence court exercises an exclusive discretion, limited only by statute providing penalty.

**Criminal Law—Expectation of Leniency on Plea of Guilty Held not to Show Abuse of Discretion in Overruling Motion for New Trial.**

7.  The district attorney cannot bind the court by agreement to recommend sentence, and, that accused, convicted on plea of guilty, expected leniency, *held* not to show, as matter of law, abuse of discretion in overruling his motion for new trial. ·

ON REHEARING.

**Criminal Law—Statute Permitting Court to Relieve Party from Judgment Where Mistake, etc., Shown, not Applicable to Criminal Cases.**

8.  Section 103, Or. L., providing that court may at any time within one year relieve party from judgment taken against him through mistake, surprise, or excusable neglect, applies to civil cases and not to criminal matters.

---

See (1) 16 C. J. 1326 (1926 Anno.).

From Multnomah: L. P. Hewitt, Judge.

Department 1.

Affirmed.

For appellant there was a brief and oral argument by *Mr. C. M. Idleman.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. Jay Stockman,* Deputy District Attorney, with an oral argument by *Mr. Stockman.*

RAND, J.—The defendant was indicted, charged with the crime of rape upon a female child under the

---

6.  See 8 R. C. L. 230.
See 16 C. J. 13, 33 (1926 Anno.), 229, 396 (1926 Anno.), 399, 1362.

age of sixteen years. To this indictment he first entered a plea of not guilty. Subsequently he withdrew that plea and interposed a plea of guilty and was sentenced to imprisonment in the Oregon state penitentiary for a term of not to exceed five years. This appeal is from that sentence. No objection is made to the sufficiency of the indictment.

1. The state denies the right of a defendant to appeal from a judgment entered on a plea of guilty, and upon that ground disputes the right of this defendant to appeal in this action. That appeals are statutory and that the right of appeal does not exist in a given case unless the statute gives that right has been so often and uniformly held by this court that it requires no citation for its support.

Section 1606, Or. L., provides that "an appeal to the Supreme Court may be taken by the defendant from a judgment on a conviction in a Circuit Court, * * ." Section 1500, Or. L., permits a defendant, in a criminal action, to enter a plea of guilty, and unless the defendant is a corporation "a plea must in all cases be put in by the defendant in person in open court." Sec. 1502, Or. L.

2. That the words "judgment on a conviction" as used in section 1606, defining judgments from which appeals in criminal cases may be taken, include judgments entered on a plea of guilty, we think is obvious; for where a defendant in a criminal action pleads not guilty or pleads a former conviction or acquittal, an issue of fact arises: Sec. 1509, Or. L. But where a defendant enters a plea of guilty, no issue of fact can arise since by pleading guilty of the crime charged in the indictment, the defendant admits every fact alleged in the indictment. A plea of guilty is a confession of guilt and is equivalent

to a conviction and leaves nothing for a court to do
except to pronounce sentence the same as it would be
required to do upon a verdict of guilty. ''Where the
statute permits the plea of guilty and such a plea is
accepted and entered by the court in a criminal case,
it is the highest kind of conviction of which the case
admits.'' 16 C. J. 403, note c.

But where an indictment charges a defendant with
the commission of acts not made criminal by statute
or fails to state facts sufficient to constitute a crime,
or where the court has no jurisdiction of the offense
charged, and the court proceeds as if there were no
such defects, or where in pronouncing judgment, the
court imposes a sentence in excess of that provided
for by statute, a legal wrong results to the defend-
ant, which, if it could not be corrected upon appeal,
would leave the defendant remediless. Questions
thus arising are questions of law and not of fact.
Section 1606 was intended to give a defendant a
right to have an error of law of that character cor-
rected. The right to have such error corrected is
not impaired by a plea of guilty. The effect of a
plea of guilty is stated in 16 C. J., at page 402, as
follows: ''A plea of guilty waives any defect not
jurisdictional, and which may be taken advantage of
by motion to quash or by plea in abatement. But it
does not cure jurisdictional defects in an indictment;
and if the latter is insufficient, from the standpoint
of failing either to confer jurisdiction or to set forth
facts sufficient to constitute a public offense, the plea
of guilty confesses nothing.'' The objection that the
defendant cannot appeal because of his plea of guilty
cannot be sustained.

3. After the rendition of the judgment the defend-
ant filed a motion supported by affidavits to vacate

and set aside the judgment and for a new trial, but no motion in arrest of judgment was filed, nor did the motion filed contain a specific request for permission to withdraw the plea of guilty. A motion for a new trial may be based upon any of the grounds mentioned in Section 1491, Or. L. None of the facts alleged in the affidavits have any relation to any of the matters referred to in said section; nor do the facts alleged constitute any ground upon which a motion in arrest of judgment can be based. Therefore the motion, if any consideration is to be given to it, must be treated as a motion for permission to withdraw defendant's plea of guilty.

4. The only statute which provides for the withdrawal of a plea of guilty in a criminal action is Section 1503, Or. L., which provides that "the court may at any time before judgment on a plea of guilty permit it to be withdrawn and a plea of not guilty substituted therefor." Whether a plea of guilty, before judgment is pronounced thereon, may be withdrawn and a plea of not guilty be substituted therefor rests in the sound judicial discretion of the trial court, and its decision upon that question will not be disturbed unless there has been an abuse of discretion: *Curran* v. *State,* 53 Or. 154 (99 Pac. 420). Section 1503 has no application to the withdrawal of a plea of guilty after judgment thereon has been pronounced, unless by implication it excludes it. Assuming, without deciding, that exceptional cases may arise where, in the interest of justice, a defendant, after judgment, ought to be permitted to withdraw a plea of guilty, nevertheless for a much stronger reason a decision of the trial court denying such motion should not be disturbed, unless it clearly appeared that there had been an abuse of discretion. Whether

a plea of guilty should be permitted to be withdrawn and a plea of not guilty entered rests within the sound discretion of the court. It should not be granted unless the ends of justice require that it should be done and unless it clearly appears that the court has abused its discretion in that respect the action of the court in denying the request cannot be reviewed. The only question presented upon this record is whether there has been an abuse of discretion.

5. Discretion is the power exercised by courts to determine questions to which no strict rule of law is applicable, but which from their nature and the circumstances of the case are controlled by the personal judgment of the court: Bouvier's Law Dict. It cannot be exercised where a strict rule of law is applicable as the term "discretion" implies the absence of any such rule. Where there is a clearly defined and well-settled applicable rule of law the courts are bound to enforce the rule and discretion is at an end. Discretion, however, is not an arbitrary and unrestricted power, but must be exercised according to fixed and settled rules.

Dean Pound, in his Readings on the History and System of the Common Law, at page 19, says: "Four propositions may be laid down with reference to the exercise of discretion: (1) Whether or not a matter is one for law or for discretion is settled by law, and the court has no power to put it in the one category or the other at pleasure. A court has no discretion to apply the law or not as it sees fit. (2) Where discretion is conferred, it must really be exercised as such; the court cannot act oppressively or arbitrarily under pretense of exercising discreton. Such arbitrary or oppressive action under color of exercising

discretion is called abuse of discretion. (3) If discretion reposed in a court or judge is in fact exercised as such, the manner of its exercise will not be reviewed. (4) But if the discretion is abused, the abuse may be reviewed and corrected by a higher tribunal."

Whether the defendant in a criminal action will be permitted to withdraw his plea of guilty after the entry of judgment thereon is a question upon which the decisions are not uniform. That question is discussed in *Curran* v. *State, supra,* and was left undecided, it not having been necessary for decision, for the motion to withdraw the plea of guilty in that case was made before the rendition of the judgment. Nor do we deem it necessary to decide that question in this case since the facts alleged in the affidavits filed on behalf of the defendant are not only contradicted by affidavits filed on behalf of the state, but the facts themselves are such that if uncontroverted, we could not say, as a matter of law, that the court abused its discretion in denying the motion.

By his affidavit defendant states that he is twenty-four years of age, had never been arrested before and is not guilty of the crime charged; that before pleading guilty his attorney advised him that the members of the district attorney's office were acquainted with the circumstances of the case and that if he would plead guilty they would recommend the granting of a parole by the court, and having no knowledge of such matters and believing that a parole would be recommended, he entered a plea of guilty. In a second affidavit he states that on March 31, 1923, just before the entry of his plea, Mr. Stockman, one of the deputies in the district attorney's office, stated to him in the presence of his attorney

an one James Wiegant that the district attorney's office would recommend a parole upon his entry of a plea of guilty.

The affidavit of Edward L. Fraley, defendant's attorney, states that one John Lane, who was present with the defendant at the time the acts charged in the indictment were alleged to have been committed, had been indicted for a lesser crime than the one charged against the defendant and had pleaded guilty and had been sentenced to one year in jail, and immediately paroled; that he conferred with the district attorney's office and with the members of the Woman's Protective Division of the Bureau of Police of the City of Portland, concerning defendant's case; that the district attorney advised him that if a plea of guilty was entered by defendant and one James Wiegant, whom he also represented and who was charged with a similar offense, he would recommend that the defendant be paroled; that the Woman's Protective Division had made a thorough investigation of the circumstances surrounding defendant's case and stated to him that they would not oppose a parole; that with these assurances he advised the defendant to plead guilty, believing that the court would act upon the recommendation of the district attorney and "the noninterference of the Woman's Protective Association"; that he told his clients that he believed that it was the best thing for them to do under the circumstances and did not believe that they would be incarcerated and felt quite certain that the court would grant a parole if such sentence was imposed. In a second affidavit he stated that Mr. Stanley Myers, the district attorney, stated to him on or about the first day of February, 1923, that he would not oppose a parole but would not recommend

one; that on or about March 27, Mr. Myers informed him that the case had been assigned to Mr. Stockman and suggested that he should see him concerning a parole; that he saw Mr. Stockman and was told that the district attorney's office would recommend a heavy sentence and a parole for the defendant; that on March 30th Mr. Stockman informed him that Mrs. Moorad of the Woman's Protective Division had stated that the division would not oppose a parole, and under the circumstances the district attorney's office would recommend a parole; that on March 31st, when the defendant pleaded guilty, Mr. Stockman, in the presence of the defendant, stated that he would recommend a parole.

The affidavit of Mrs. Moorad states that she informed the district attorney that if he saw fit to recommend a parole in case the defendant pleaded guilty her division would not oppose it, and that she told Mr. Fraley that her division would not oppose a parole in case the defendant pleaded guilty.

The affidavit of James Wiegant states that Mr. Stockman, the deputy district attorney, stated in his presence just before the entry of the plea that the district attorney's office would recommend a parole upon defendant's entering a plea of guilty. The affidavit of Kenneth T. Long contains nothing but hearsay statements.

In contradiction of these affidavits, Mr. Myers, the district attorney, in an affidavit filed, stated that Fraley frequently visited his office to ascertain his attitude in regard to defendant's entering a plea of guilty and requested him to recommend a parole for the defendant; that he first informed Mr. Fraley that he would oppose a parole upon any condition unless the same was satisfactory to the Woman's Protective

Division, and that he was later informed by Mrs. Moorad of that division that the division would not oppose a parole if the court saw fit to grant one; that he thereupon informed Mr. Fraley that he would neither oppose nor recommend a parole but would simply present all of the facts of the case to the court and not make any recommendations to the court one way or the other; that he frequently informed Mr. Fraley that he could not give any assurance of what action the court would take upon a plea of guilty, and that the defendant would simply have to take his own chances before the court if he pleaded guilty.

Mr. Stockman in his affidavit states, in effect, that Mr. Myers, the district attorney, directed him, at the time the case was assigned to him, to neither oppose nor recommend a parole but simply to advise the court of the facts; that in conformity to these directions he went into court on the thirtieth day of March at the time the defendant entered a plea of guilty and in the presence of the defendant and his attorney stated the facts of the case to the court; that the court took the case under advisement until April 3d and then pronounced judgment.

It clearly appears from these affidavits that defendant entered a plea of guilty either on the thirtieth or thirty-first day of March, 1923, and that the sentence was not imposed until April 3d; that the defendant and his attorney were both present at the time defendant's plea was entered and at that time knew that the district attorney made no recommendation for the parole of the defendant. There is nothing to show that either at the time the district attorney stated the facts to the court or subsequently, before judgment was pronounced, any application

was made to the court to permit the defendant to withdraw his plea of guilty. If either defendant or his attorney was misled at the time the plea was entered and believed that when the plea was entered a recommendation would be made, they were both present and knew that no such recommendation was or would be made. They took no steps to remedy the situation but speculated as to what judgment would be pronounced and when it was found to be more severe than that anticipated or hoped for they filed the motion and the affidavits in question. The facts stated in the affidavits filed on behalf of the defendant are disputed by those filed on behalf of the state. There is nothing in the record which is in any way convincing that the defendant was ever misled in any way. That both he and his attorney hoped that the district attorney would make the recommendation is clear, and it seems to be clear that whether the recommendation would be made or not, the defendant believed that by pleading guilty he would obtain greater leniency than he would eventually obtain by standing trial.

6. Upon a conviction of a defendant upon a criminal charge the duty of pronouncing judgment rests exclusively with the court and in fixing the sentence the court exercises an exclusive discretion limited only by the provisions of the statute providing a penalty for the crime upon which the conviction has been had. If a district attorney should recommend what sentence should be pronounced it would be, it seems to us, an unwarranted and unjustifiable interference upon his part with the performance of the duty imposed upon the court by statute. Such a recommendation would not be binding upon the court. Defendant's attorney knew that the district attorney

113 Or.—24

had no power to bind the court and presumably the defendant knew it also. Upon their entry of plea they took their chances as to the sentence that might be pronounced and made no objection to anything done by the district attorney until after the sentence was pronounced.

7. We cannot say, as a matter of law, that the trial court, in overruling the defendant's motion, abused its discretion, and for that reason the judgment appealed from must be affirmed.    AFFIRMED.

McBRIDE, C. J., BURNETT and PIPES, JJ., concur.

---

Former opinion adhered to on rehearing February 10, 1925.

ON REHEARING.

(232 Pac. 1013.)

For appellant there was a brief and oral argument by *Mr. C. M. Idleman.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. Jay H. Stockman,* Deputy District Attorney, with an oral argument by *Mr. Stockman.*

McBRIDE, C. J.—The opinion heretofore rendered in this case, *State* v. *Lewis* (Or.), 230 Pac. 543, seems to cover every point in this case, and we find no reason to withdraw from our assent to the conclusions therein reached.

8. Upon the argument on rehearing counsel laid considerable stress upon Section 103, Or. L., which is to the effect that the court may, "in its discretion, and upon such terms as may be just, at any time

within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.'' But this section applies to civil cases and has on relation to criminal matters.

We adhere to our former opinion.

FORMER OPINION ADHERED TO.