Argued September 24; affirmed November 6, 1946

# LANE COUNTY *v.* BRISTOW ET AL.
### (173 P. (2d) 954)

G. F. Skipworth, Judge.

*E. O. Immel,* of Eugene (with Harris & Bryson and O'Connell & Darling, both of Eugene, on brief), for appellant.

*Windsor Calkins,* of Eugene (with William S. Fort, District Attorney pro tem, and Calkins & Calkins, both of Eugene, on brief), for respondent.

LUSK, J.

Plaintiff Lane County brought two suits to quiet title to lands acquired by it through tax foreclosure proceedings. Darwin Bristow was a defendant in each of the said suits and the only defendant who appeared therein. The issues in each case being the same except that they pertain to different properties, the cases were consolidated for trial and resulted in decrees for the plaintiff from which Bristow, hereinafter called the defendant, has appealed.

The controversy arises out of a general foreclosure suit commenced by Lane County on August 30, 1938, pursuant to the provisions of Ch. 470, Oregon Laws 1937, to foreclose certificates of delinquency theretofore

issued by the county for delinquent taxes levied upon the lands now in question and upon numerous other parcels of real estate. The lands now involved were assessed to the defendant Bristow, who was named as a defendant in the foreclosure suit and defaulted. A decree of foreclosure was entered on November 26, 1938, and on the same day the properties were sold to the county. There having been no redemption within the time prescribed by law, a sheriff's deed to all such properties was issued to the plaintiff on December 15, 1939. The present suits were commenced, one on August 9, 1944, and the other on October 6, 1944. The lands in controversy have not been in the actual possession of anyone since the county acquired its titles.

The defense to the present suits is based upon alleged irregularities in the foreclosure proceedings and in the sheriff's deed to the county, which, it is contended, invalidate the decree and the titles based thereon. The circuit court held that the foreclosure proceedings were free from defects and that the defendant was barred by the statute of limitations from attacking the sale.

We proceed to a consideration of the defendant's contentions.

It is urged, first, that the court erred in striking from the defendant's original answers certain allegations to the effect that the defendant was only the holder of the naked legal title to the properties in question and that other persons were the actual owners thereof, and that plaintiff knew this to be the fact. The theory of the defendant is that these other persons should have been named as parties defendant in the foreclosure proceedings. Plaintiff says that defendant has waived the alleged error by filing an amended

answer from which the allegations stricken were omitted, and cites as authority *Voyt v. Bekins Moving & Storage Company*, 169 Or. 30, 38, 119 P. (2d) 586, 127 P. (2d) 360. That case, however, was decided before the enactment of Ch. 279, Oregon Laws 1943, an amendment of § 1-903, O. C. L. A., which changed the rule of practice theretofore prevailing in this particular. The amendment, so far as now pertinent, reads:

> "In all cases where part of a pleading is ordered stricken, the court may, in its discretion, require an amended pleading to be filed which eliminates the matter ordered stricken. By complying with the court's order, the party filing the amended pleading shall not be deemed to waive the right to challenge the correctness of the court's ruling upon the motion to strike and it shall be subject to review on appeal from final judgment in said cause."

The plain intent of the foregoing provisions is to authorize review by this court of an order striking part of a pleading where the party against whom the ruling is made has, in obedience to the court's order, filed an amended pleading which omits the matter ordered stricken. In these cases each of the orders in question contains the following language:

> "It is hereby further ordered, That the defendant may have ten (10) days from date hereof in which to file an amended answer."

We think that while the form of the orders just quoted is permissive, in effect they required the defendant to file amended answers eliminating the matter ordered stricken; and, therefore, the 1943 legislation governs and the error assigned is properly before us.

There is no merit, however, in defendant's contention. The statute prescribing the notice to be pub-

lished in tax foreclosure proceedings by a county provided:

"All persons interested in any property involved in any such proceeding may be made codefendants, and if unknown, may be named therein as unknown owners, and the publication of such notice shall be sufficient service on all persons interested. The name of the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described, shall be considered and treated as the owner of said property, and each such proceeding shall be a proceeding in rem against the property itself." (Ch. 470, § 2, Oregon Laws 1937)

Under these provisions it was not essential to the validity of the notice that any person other than "the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described", should be named as a party defendant in the notice. The contention to the contrary is foreclosed by *Guthrie v. Haun*, 159 Or. 50, 58, 76 P. (2d) 292, and other cases there cited.

It is next contended that the foreclosure proceedings were invalid because the sheriff's deed to the county showed on its face that neither the legal period of time within which to redeem from the sale, nor proper and sufficient notice of expiration of such period, was given the defendant.

The statute then in effect allowed a period of "one year from and after the date of the judgment or decree foreclosing the tax liens" in which the defendant might have redeemed (Ch. 470, id., § 4 (b) ), and further provided:

"Not more than 60 days nor less than 30 days prior to the expiration of the period of redemption

hereinbefore provided, the sheriff shall give public notice to the effect that, unless they be redeemed before a specified day, he will issue on said day a deed to the county covering any and all of the real properties described in such notice, and that on the execution .of such deed, said properties shall be forfeited to the county. Such notice shall contain: (1) The names of the several record owners at the time of foreclosure; (2) the descriptions of the several properties on which the period of redemption is about to expire; and (3) the total amounts of taxes, interest, penalties and costs due on the several parcels or tracts. Such notice shall be published in two weekly issues of a newspaper of general circulation printed and published in the county. In addition to such publication, not less than 30 days prior to the expiration of such period of redemption, the sheriff shall send by registered mail, with return receipt required, to each record owner named therein, a copy of such notice in so far as it relates to the property of such record owner. Costs of such publication and notice shall be included with other costs on redemption.'' (§ 4 (d) )

The sheriff's deed to the county, executed December 15, 1939, recited that the notice given pursuant to the foregoing provision was to the effect that unless the lands should be redeemed ''before the 27th day of November, 1939'' the sheriff would issue a deed to the county covering such lands. This recital was erroneous, as the published notice, which is in evidence, actually read: ''*on or before* the 27th day of November, 1939''. The error was discovered apparently while these suits were pending, and the sheriff, on March 28, 1945, issued a second deed in which the error was corrected. The second deed was admitted in evidence on the trial over defendant's objection, and the court's ruling in that regard is assigned as error.

■ We see nothing in all this which gives the defendant a ground of complaint. It is true that the defendant was entitled to a full year from November 26, 1938, the date of the decree, in which to redeem, and it may be—although we express no opinion as to the point—that a published notice which would have required him to redeem *before* the 27th day of November, 1939, would have been insufficient. The proof, however, shows, as stated, that in fact the published notice read ''on or before the 27th day of November, 1939'', and a *prima facie* case, which the defendant did not attempt to rebut, was made that copies of the notice were seasonably mailed to the defendant at two addresses in Eugene. These addresses appeared on the tax roll and evidently had been furnished the sheriff by the defendant as the addresses to which communications intended for him should be sent. The deed of correction was authorized by § 93-945, O. C. L. A., which, among other things, provides in substance that where real property is sold on execution and a defective deed is issued, the purchaser shall be entitled to another deed from the sheriff for the purpose of correcting the defect, ''and when executed to cure or replace a defective or lost deed such conveyance shall be to the grantee in such defective or lost deed, but shall relate back and be deemed to take effect as of the date of the execution of said defective or lost deed''. Execution of the second deed came within the authority conferred on the sheriff by the statute, for its effect was to make the recital concerning notice of the expiration of the period of redemption conform to the fact. In that respect the case is unlike *Darling v. Christensen*, 166 Or. 17, 24, 109 P. (2d) 585, in which it was held that ''the authority of an officer executing such a deed to correct a mistake by a second deed cannot be used to misstate the prior proceedings.''

The deed of correction was properly admitted in evidence; the notice concerning redemption was published in conformity to the requirements of the statute; and copies of such notice were sent to the defendant, likewise in conformity to the statute. The defendant's contentions as to these matters are without merit.

It is next contended that the court erred in holding that the defendant is barred by the statute of limitations from asserting the alleged irregularities in the foreclosure proceedings. The applicable statute provided:

"Every action, suit or proceeding which may be commenced for the purpose of determining the validity of a sale of lands for taxes, or to quiet the title against such sale or to remove the cloud thereof, or to recover the possession of land so sold, or for which certificates of delinquency have been issued, shall be commenced within two years from the date of the sale for taxes by the sheriff, and not otherwise". (Ch. 470, id., § 6)

The defendant's answers, in which for the first time he asserted in court the invalidity of the sale, were not filed until nearly six years after the sale by the sheriff was made. It is not necessary to determine whether he would have been barred by the statute from raising the questions we have discussed relative to the notice of expiration of the period of redemption, for, as we have seen, the statutory provisions governing that matter were fully complied with. None of the other defects alleged by the defendant are of such a character that the court in the foreclosure proceedings would, if they had been present, been deprived of jurisdiction to hear the case and enter a decree; and the question, therefore, is not controlled by *Elliott v. Clement*, 175 Or. 44, 149 P. (2d) 985, 151 P. (2d) 739, in which we held that the statute of limitations will not run as against a sale

662

absolutely void for want of jurisdiction in the court to order it.

· The particular grounds of objection to application of the statute asserted by the defendant are, first, that it is not a true statute of limitations but a statute of prescription and not available as a defense, where, as in the present case, the purchaser at the tax sale has not been in possession of the land for the full statutory period; and, second, that this is not an "action, suit or proceeding * * * commenced for the purpose of determining the validity of a sale of lands for taxes, or to quiet the title against such sale or to remove the cloud thereof, or to recover the possession of land so sold". In other words, it is contended that the statute cannot be availed of in a case where the attack on the sale is made by a defendant.

■ While the question of whether a similar statute was prescriptive in character was left open, because unnecessary to the decision, in the case of *National Surety Corporation v. Smith*, 168 Or. 265, 287, 114 P. (2d) 118, 123 P. (2d) 203, the question has been now set at rest by *Frederick v. Douglas County*, 176 Or. 54, 155 P. (2d) 925, in which it was held that the former owners of property sold for taxes were barred by the two year statute of limitations from questioning the validity of the sale, notwithstanding there was no showing of actual possession of the property by the purchaser at the tax sale or its successors in interest for as much as two years. There is nothing in the language of the statute which would justify construing it as a statute of prescription rather than of limitation, and there is no valid constitutional objection to its application in a case where the foreclosure proceedings are free from jurisdictional defects. The distinction between that kind of a case and a case such as this, where the claimed

defects are mere irregularities not going to the juris-diction of the court, was pointed out in *Elliott v. Clement*, supra, 175 Or. at p. 44.

■■■ As to the second point of objection, we are of the opinion that the statute of limitations may be in-voked in a case which is not commenced by the party seeking to call in question the validity of a sale of land for taxes. The dominant purpose of the legislature, we think it must be conceded, was to bar an attack on the sale after passage of the two year period. As to that purpose it is irrelevant whether the attack is launched by a plaintiff or a defendant, and we cannot believe that the legislature had in mind any such distinction. The statute applies not only to every action and suit, but as well to every *"proceeding* which may be commenced for the purpose of determining the validity of the sale of lands for taxes". The word "proceeding", as we pointed out in *Fish v. Bishop,* 176 Or. 210, 156 P. (2d) 204, may have a wide or narrow significance in accordance with the context in which it is found and the subject to which it relates. In that case we limited its meaning in order to ef-fectuate what was deemed to be the manifest intention of the legislature, but it has repeatedly been defined by the courts so as to include the filing of an answer in a suit or action. This court in *Ex parte McGee,* 33 Or. 165, 168, 54 P. 1091, quoted with approval the following definitions of the term:

"In a general sense, the form and manner of conducting judicial business before a court or judicial officer; regular and orderly progress in form of law; including all possible steps in an action, from its commencement to the execution of judgment. In a more particular sense, any applica-tion to a court of justice, however made, for aid

in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object.'' (Black, Law Dict.)

''In its general acceptation, this word means the form in which actions are to be brought, and defended, the manner of intervening in suits, of conducting them, of opposing judgments, and of executing them.'' (Bouv. Law Dict.)

The New Jersey court says that in its more general sense ''proceeding'' means ''all steps or measures adopted in the prosecution or *defense* of an action'' (italics added). *Howell Lumber Co. v. New Brunswick,* (N. J.) 75 Atl. 750, 751.

The Washington court says: ''The term 'proceeding' means all the steps or measures adopted in the prosecution or *defense* of an action'' (italics added). *State v. Nelson,* 6 Wash. (2d) 190, 193, 107 P. (2d) 1113, 1115. See, also, *Erwin v. United States,* 37 Fed. 470, 488, 2 L. R. A. 229; *Morewood v. Hollister,* 6 N. Y. 309, 319; *Zangerle v. Evat,* 139 Ohio St. 563, 570, 41 N. E. (2d) 369, 372; *Hyattsville Building Association v. Bouic,* 44 App. (D. C.) 408, 413; and definitions quoted in 34 Words and Phrases (Perm. ed.), Proceeding, pp. 82 et seq.

We think that when the defendant filed its answer in these cases charging that the ''tax foreclosure proceedings are illegal, erroneous, void and unlawful'' he commenced a proceeding for the purpose of determining the validity of the sale in question within the meaning and intent of the statute, and the statute of limitations is therefore applicable.

Defendant's next contention is based upon alleged errors in computing interest on the delinquent taxes, which resulted in an overcharge against the lands, and an alleged excessive assessment of one of the

parcels of real property involved. We need not determine whether the alleged errors were actually made because, if so, they were mere irregularities which did not affect the jurisdiction of the court and cannot be inquired into in these cases. *Linn County v. Rozelle,* 177 Or. 245, 162 P. (2d) 150. And, in any event, the defendant is barred from challenging the sale on account of such irregularities by the statute of limitations. *Frederick v. Douglas County,* supra; and see *National Surety Corporation v. Smith,* supra.

■ Defendant's brief contains one further assignment of error to the effect that the court erred in holding that the defendant had failed to make tender of the delinquent taxes at the time he filed his answers herein as required by Ch. 470, § 6, id. We are unable to see what possible bearing a decision of this question could have on the ultimate decision of the case. Though it should be held that the defendant complied in all respects with the requirement of the statute as to tender, he would still not be entitled to prevail, for it is not the purpose of the provision respecting tender to create substantive rights, nor does it have any such effect. A proper tender may be a condition precedent to the assertion of rights by one challenging the validity of a tax sale; but, if his challenge must otherwise fail, a tender will avail him nothing.

The whole of the tax foreclosure proceedings upon which the plaintiff's titles are based were introduced in evidence and are before us. Except in the particulars which have been discussed, no defects or irregularities in these proceedings are asserted. It is our opinion, upon an examination of the entire record, that the plaintiff is entitled to decrees quieting its titles to the lands involved, and the decrees of the circuit court are, therefore, affirmed.