Submitted January 22, affirmed February 20, 1963

## JENSEN v. GLADDEN

378 P. 2d 950

Roger W. Jensen, in propria persona.

Robert Y. Thornton, Attorney General, and Harold W. Adams, Assistant Attorney General, Salem, for respondent.

O'CONNELL, J.

Plaintiff appeals from an order of the circuit court for Marion county denying his petition for a writ of habeas corpus. Defendant moved to quash the petition on the ground that an order entered in a proceeding previously brought by plaintiff under the Post-Conviction Hearing Act (ORS 138.510 et seq.) was res judicata.

In the earlier proceeding plaintiff, being represented by counsel, questioned the constitutionality of ORS 167.050 under which he had been sentenced to the penitentiary for an indeterminate period. That issue was decided adversely to him. *Jensen v. Gladden,* 231 Or 141, 372 P2d 183 (1962). In the present proceeding he again asserts the violation of a constitutional right alleging that the information under which he was convicted was fatally defective. In *State v. Cloran,* 233 Or 407, 377 P2d 911 (1963), upon rehearing, 233 Or 412, 378 P2d 961, we held that the failure in an indictment to allege facts sufficient to constitute a crime cannot be raised in a habeas corpus proceeding. Further, even if there had been a violation of plaintiff's rights which entitled him to post-conviction relief, he has not shown that the matter could not have been asserted in the prior post-conviction proceeding. In *Barber v. Gladden,* 215 Or 129, 332 P2d 641 (1958) we held that the principle of res judicata was applicable in a habeas corpus proceeding to foreclose petitioner from relitigating the question of an alleged fatal defect in the indictment under which he was convicted. That principle is applicable where, as in the instant case, the petition for habeas corpus alleges a defect which was raised or which could properly have been raised in a prior post-conviction proceeding.

The judgment is affirmed.