Argued December 6, 1962, reargued July 2, 1963,
affirmed March 25, 1964

# BARNETT *v.* GLADDEN
390 P. 2d 614

*Ralph W. G. Wyckoff,* Salem, argued and reargued the cause and filed briefs for appellant.

*Harold W. Adams,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem. Respondent made no oral reargument, but Robert Y. Thornton filed a supplemental brief.

*Orval Etter,* Eugene, argued the cause on reargument and filed a brief for League of Oregon Cities as amicus curiae. With him on the brief were City Attorneys Carrell F. Bradley, Hillsboro, William A. Mansfield, Medford, Alexander G. Brown and Philip T. Abraham, Portland, Chris J. Kowitz and William J. Juza, Salem, and Robert B. Carmichael, Springfield.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

PERRY, J.

This is an appeal by the petitioner from the denial of the relief sought in a post-conviction hearing as provided in ORS 138.510 et seq.

The record in this proceeding discloses that on March 21, 1960, the petitioner was indicted in Umatilla County, Oregon. The charging part of the indictment reads as follows:

"The said John H. Barnett, on the 13th day of March, A.D., 1960, in the County of Umatilla and State of Oregon, then and there being, and then and there being a male person over the age of 16 years, to-wit, 62 years of age, did then and there wilfully, wrongfully, unlawfully and feloniously attempt to induce and entice into a place of concealment, to-wit, an apartment in the City of Pendleton, in said County and State, a female child, to-wit, Jean Corwin, under the age of 16 years, to-wit, of the age of 14 years, with the intent and purpose to commit with and upon such child a sex act,

to-wit, sexual intercourse, said act of defendant being contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Oregon."

Counsel was appointed and the petitioner entered a plea of former judgment of conviction of the crime charged. The trial court held the plea to be without merit and petitioner thereupon entered a plea of not guilty. Subsequently petitioner withdrew his plea of not guilty and entered a plea of guilty to the crime charged in the indictment.

Thereafter, the trial court directed that a psychiatric examination of the defendant be made before sentence was imposed. The examination of the petitioner, made at the Eastern Oregon State Hospital, disclosed that petitioner "has a mental or emotional disturbance, deficiency or condition * * * to a degree rendering the person a menace to the health and safety of others." The trial court thereupon sentenced the petitioner to life imprisonment. No appeal was taken from the judgment entered.

In this proceeding, the petitioner first contends that the indictment to which he entered his plea of guilty failed to state a crime, and, therefore, the court was without jurisdiction.

ORS 167.045 reads as follows:

"(1) No person over the age of 16 years shall wilfully and wrongfully and forcibly take from any place, or wilfully and wrongfully and forcibly detain in any place, or wilfully and wrongfully induce or entice into any place of concealment or upon any type of conveyance, any child under the age of 16 years with the intent to commit with or upon such child any act punishable under ORS 163.210, 163.220, 163.270, 167.035 or 167.040."

It is the contention of the petitioner that the indictment is faulty in that it fails to allege the specific acts of inducement used by petitioner.

■ The specific acts or circumstances by which a crime is committed are generally not necessary to a valid indictment, it being sufficient if the offense is charged in the words of the statute. *State v. Smith,* 182 Or 497, 188 P2d 998.

It is only when the doing of certain particular acts are made necessary by the terms of the statute to constitute the crime that the particular acts must be alleged. *Merrill v. Gladden,* 216 Or 460, 337 P2d 774.

■ The statute under which petitioner was charged does not require the use of any particular means or method of inducement in committing the crime. The indictment is, therefore, sufficient.

■ Also, it is only when an indictment fails to allege any crime that a court is without jurisdiction. The fact that an indictment may allege a conclusion and not particular facts is not grounds for post-conviction hearing relief. *State v. Cloran,* 233 Or 400, 374 P2d 748, 377 P2d 911, 378 P2d 961; *Smallman v. Gladden,* 206 Or 262, 291 P2d 749.

The petitioner also contends that his sentence to life imprisonment for attempt to commit the crime charged is not authorized by law.

Had he committed the crime charged the maximum punishment authorized by law is life imprisonment. ORS 167.045.

For attempts to commit crimes, ORS 161.090 provides the punishment as follows:

"(1) If the crime so attempted is punishable by imprisonment in the penitentiary or county jail, the punishment for the attempt shall be by like imprisonment for a term not more than half the

longest period prescribed as a punishment for the crime but in no event more than 10 years. If the crime so attempted is punishable by death, or imprisonment for life, the punishment for the attempt shall be by imprisonment in the penitentiary for not more than 10 years."

The petitioner contends, therefore, that his term could not exceed 10 years.

In the matter of sex crimes, the legislature in ORS 137.111 provided:

"After the presentence hearing and upon the consideration of the psychiatric report required by ORS 137.112 to 137.115, the court may, in its discretion, in lieu of any other sentence authorized by law for such crime, sentence any person convicted under ORS 163.210, 163.220, 163.270, 167.035, 167.040 or 167.045 to an indeterminate term not exceeding the natural life of such person if:

"(1) The offense involved a child under the age of 16 years; and

"(2) The court finds that such person has a mental or emotional disturbance, deficiency or condition predisposing him to the commission of any crime punishable under ORS 163.210, 163.220, 163.270, 167.035, 167.040 or 167.045 to a degree rendering the person a menace to the health or safety of others."

■■ In our opinion, an attempt to commit a sex crime falls within the ambit of legislative intention expressed in ORS 137.111, as fully as if the crime denounced had been completed. The purpose of the statute is to provide for the rehabilitation of a sex offender who has disclosed a tendency to be a menace to society. *Jensen v. Gladden*, 233 Or 439, 378 P2d 950.

The petitioner also contends that his federal and

state constitutional rights were violated in that he was twice tried and convicted of the same offense.

It is unnecessary for us to set forth the basis of petitioner's contention for, as previously stated, the record in this proceeding discloses that after the trial court for Umatilla County ruled that petitioner's plea of prior conviction for the same offense was not well-taken and petitioner had entered a plea of not guilty, he thereafter entered a plea of guilty to the crime charged in the indictment.

■ It is well-established, that the defense of former conviction or acquittal for the same offense is a personal privilege that may be waived by a defendant. *State v. Monk,* 199 Or 165, 260 P2d 474; *Gue v. City of Eugene,* 53 Or 282, 100 P 254; *State v. Houghton,* 45 Or 110, 75 P 887; *State v. Childers,* 32 Or 119, 49 P 801; *Brady v. United States,* 24 F2d 399, and cases cited therein.

Mr. Justice RAND stated the rule in *State v. Lewis,* 113 Or 359, 361, 230 P 543, 232 P 1013:

"'* * * where a defendant in a criminal action pleads not guilty or *pleads a former conviction or acquittal, an issue of fact arises*: Sec. 1509, Or. L. [now ORS 136.010]. But where a defendant enters a plea of guilty, no issue of fact can arise since by pleading guilty of the crime charged in the indictment, the defendant admits every fact alleged in the indictment. A plea of guilty is a confession of guilt and *is equivalent to a conviction* and leaves nothing for a court to do except to pronounce sentence the same as it would be required to do upon a verdict of guilty. 'Where the statute permits the plea of guilty and such a plea is accepted and entered by the court in a criminal case, it is the highest kind of conviction of which the case admits.' 16 C.J. 403, note c." (Emphasis ours.)

█ It is equally well-established, that a plea of guilty, given in compliance with the requirements of due process, waives all defenses that could have been made at the trial of the cause, since, "* * * by a plea of guilty, all averments of fact are admitted, all defects not jurisdictional are cured, all defenses are waived and the prosecution is relieved from the duty of proving any facts." *Berg v. United States,* 176 F2d 122, 125; cert. denied 338 US 876, 70 S Ct 137, 94 L ed 537; 22 CJS 712, Criminal Law § 277.

In accord with the above rules of law, the courts hold that, where a plea of former jeopardy and also a plea of not guilty is entered by a defendant and he subsequently enters a plea of guilty, the defense of double jeopardy is waived even though not withdrawn. *People v. Strickler,* 167 Cal 627, 140 P 270; *State v. Carte,* 157 Kan 139, 138 P2d 429; *State v. Carte,* 157 Kan 673, 143 P2d 774; *Lawton v. Hand,* 186 Kan 385, 350 P2d 28; *Rex v. Pope,* 7 Alberta L Rep 169, 15 Dominion L Rep 664, 26 West L Rep 659, 5 West W Rep 1070, 22 Can Crim Cas 327.

In *State v. Carte,* 157 Kan 673, 677, 143 P2d 774, 776, the court stated:

"It is always well to bear in mind the clear distinction between the subjects of sentence and former jeopardy. Judgment of sentence can be pronounced only after a person has been put on trial and after he has been convicted of, or has pleaded guilty to, the offense or offenses charged. Section 10 of our bill of rights, insofar as pertinent here, provides: 'No person shall be twice *put in jeopardy* for the same offense.' (Emphasis theirs.)

"It will be observed the protection afforded by this provision is not against the peril of second sentence or punishment but against being put on trial again for the same offense. (People v. Allen,

368 Ill. 368, 383, 14 N.E. 2d. 397.) Having waived the defense of former jeopardy, assuming she had such a defense, sentence was properly imposed on the plea of guilty to each offense charged and the sentence cannot be set aside now."

■■ While the post-conviction statute supersedes the statutory right of habeas corpus, the relief afforded by habeas corpus for denial of constitutional rights is retained. However, the failure to appeal from an adverse ruling in the trial court as to the matter of prior jeopardy waives the defense and it cannot be considered in habeas corpus. *In re Harron,* 191 Cal 457, 217 P 728.

■■ Where a plea of guilty has been entered, the question of error in denying a plea of prior jeopardy will not be considered in habeas corpus. *Bracey v. Zerbst,* 93 F2d 8. In the absence of a question of due process, a matter subject to correction on appeal will not be heard in a post-conviction hearing. *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055.

■■ It is clear, therefore, that in the absence of any contention of denial of due process, a circumstance not claimed by the petitioner, the privilege of presenting the defense of prior conviction was waived.

Finding no error in the record, the judgment of the trial court is affirmed.

DENECKE, J., dissenting.

I dissent from that part of the majority opinion holding that the petitioner waived his constitutional defense of double jeopardy. The chronological order of events alone, I believe, illustrates the error of the majority's decision.

The petitioner filed a written plea of former jeopardy on the ground that he had already been convicted

by the Pendleton Municipal Court of the crime charged in the indictment.

The trial court wrote an opinion that a municipal conviction is not a bar to a subsequent state prosecution for the same offense. For the reasons stated in its opinion, the trial court overruled the plea of former jeopardy.

The petitioner then pleaded not guilty but later changed his plea to guilty.

The majority now holds that, because the petitioner ultimately pleaded guilty after his plea of former jeopardy had been overruled, he now has waived his right to assert that the trial court deprived him of his constitutional rights by overruling his plea of former jeopardy.

The crucial fact is that the court ruled upon petitioner's plea of former jeopardy. The petitioner pleaded guilty only after the court had held that the petitioner had no defense of former jeopardy.

The majority quotes from *State v. Lewis,* 113 Or 359, 362, 230 P 543, 232 P 1013 (1925): " 'A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement.' " I do not disagree with this general statement, in its proper context. However, the majority has cited no decisions either from Oregon or any other jurisdiction holding that a subsequent plea of guilty waives the defense of double jeopardy after such a plea of former jeopardy has been made and ruled insufficient as a matter of law.

*Rex v. Pope,* 7 Alberta L Rep 169, 15 Dominion L Rep 664, 26 West L Rep 659, 5 West W Rep 1070, 22 Can Crim Cas 327 (1914), appears at first reading to be an exception to the last statement. However, a

careful study of the opinions of the various justices leads to the conclusion that the decision assumes that the appellate court *can* review the trial court's overruling of a plea of *autrefois convict* (a type of former jeopardy plea) although the defendant subsequently pleads guilty. The applicable statutes provided for two pleas: *autrefois convict* and res judicata. The defense of res judicata was not raised at the trial and, the court held, could only be raised by a plea of not guilty; when the defendant pleaded guilty, he waived that defense. It did not hold that a plea of guilty waived the defense of *autrefois convict*.

In all the other cases cited by the majority the plea of former jeopardy was either never made or was expressly or impliedly withdrawn before consideration by the court. In none was it considered and overruled by the trial court.

As the majority opinion states: "* * * a plea of guilty, * * * waives all defenses that could have been made at the trial of the cause, since, '* * * by a plea of guilty, all averments of fact are admitted, * * *.'" Here, the defense of former jeopardy was not one that "could have been made"; it *was* made and was overruled. And petitioner's plea of former jeopardy did not raise any "averments of fact." The court ruled, admitting the facts, that the petitioner was not being put in jeopardy twice.

"* * * A plea of former jeopardy is not a plea to the merits [Citations], nor is it an attack upon the sufficiency of the indictment. * * * 'It is not an inquiry as to anything that accused has or has not done, and therefore is not of a criminal nature.' [Citation] Therefore, such a plea does not admit as true the facts set forth in the indictment, but points out that if those facts are true the defendant will establish

that he has been formerly tried for the same crime as alleged and lawfully acquitted or convicted. * * *" *State v. Garrett,* 228 Or 1, 4, 363 P2d 762 (1961).

A plea of guilty is not in any way inconsistent with a plea of former jeopardy. In the latter plea the accused states that for the purpose of the plea he admits the facts alleged in the indictment, that those facts alleged constitute a crime, that the court has jurisdiction to try this case. However, he maintains that he has already been tried once for this same offense and that the Constitution of this state and of the United States prohibits another trial.

The theory of the majority may be that the plea of former jeopardy was impliedly withdrawn. It certainly was not expressly withdrawn. But what is there in the action of the petitioner, after the trial court had overruled his plea of former jeopardy, in first pleading not guilty and later guilty, which evidences any intent to withdraw his former jeopardy plea? The not guilty plea dealt with an aspect of the case completely different from that injected by the former jeopardy plea. The not guilty plea denied all the allegations of the indictment. Similarly, the guilty plea concerned the same aspect of the case as the not guilty plea did,—the truth of the allegations in the indictment. The former jeopardy plea in no way concerns the truth or falsity of the matters alleged in the indictment. *State v. Garrett,* supra. Therefore, the filing of a not guilty or guilty plea is no indication that the petitioner has withdrawn a defense based on entirely different grounds.

There is nothing in the record that hints that the defendant intended to withdraw his plea of former jeopardy. The petition for post-conviction relief alleges: "The petitioner has not at any time waived

the defense of double jeopardy." This is admitted by the defendant warden by his demurrer, which was sustained. This allegation may be considered that kind of legal conclusion that is of no assistance to the pleader. Nevertheless, the defendant warden never has contended that the petitioner at any time waived his constitutional right. That position originated with the majority of this court.

Just what the defendant should have done to preserve his constitutional rights is not clearly stated by the majority. There is an intimation that he should have appealed from the trial court's overruling of his plea of former jeopardy. Under our prior decisions interpreting Oregon statutes on criminal appeals, an appeal would not lie from such an order. ORS 138.040 authorizes an appeal only from "a judgment on a conviction." *State v. Haynes*, 232 Or 333, 375 P2d 550 (1962), held that an order denying a motion to dismiss the indictment on the ground that the defendant had once been in jeopardy for the same offense was not appealable. No discussion was had that this was in the form of a motion rather than in the form of a plea of former jeopardy. As a plea of former jeopardy is not a plea to the merits, it would be impossible to enter a judgment of conviction thereon.

As an appeal cannot be had from an order overruling a plea of former jeopardy and the majority now holds a plea of guilty waives any objection to the trial court's overruling of the plea of former jeopardy, the majority must believe that in order to preserve his rights the defendant should have pleaded not guilty and stood trial on that plea.

It is difficult to perceive in what manner a plea of not guilty bolsters a plea of former jeopardy. The statute specifically provides that a plea of former

jeopardy can be made with or without a plea of not guilty. ORS 135.820. A not guilty plea is directed to the merits of the allegations in the indictment. A former jeopardy plea is not concerned with the merit of those allegations.

Requiring the petitioner to go to trial on a not guilty plea in order to preserve his right to contend that the trial court committed error in overruling his former jeopardy plea would require a completely useless procedure. For the purposes of his former jeopardy plea the petitioner is willing to admit all the facts alleged in the indictment. Nevertheless, the majority would require the state to prove the facts which defendant is willing to admit. No evidence concerning the plea of former jeopardy would be admissible at the trial. The trial court already has held, regardless of what evidence is introduced to support the plea, that it is insufficient because a municipal conviction will not bar a state conviction. Under such circumstances no evidence upon the plea of former jeopardy would be received. ORS 135.870 provides that evidence of former jeopardy is not admissible under a plea of not guilty. A trial under a plea of not guilty would serve no purpose whatsoever.

Any analogy to civil proceedings cannot be completely accurate. However, if in a comparable situation in civil proceedings the defendant is held not to have waived his defense, a defendant in a criminal proceeding certainly should not be held to have waived his constitutional right.

The action of the trial court here in overruling the defense of double jeopardy is procedurally akin to what could arise in a civil proceeding in which the plaintiff is seeking to recover a money obligation. The defendant files an affirmative defense that more than

six years have elapsed since the obligation accrued, and therefore it is barred. The plaintiff demurs on the ground that the 10-year statute of limitations is applicable, and his demurrer is sustained. Defendant thereupon files an answer admitting the making of the obligation in the amount claimed and that it is unpaid. Such a pleading does not waive the defense of the six-year statute of limitations. The defense of the statute of limitations is a matter apart from the allegations in the complaint. ORS 16.330, 16.400; *Lane County v. Bristow,* 179 Or 653, 656-657, 173 P2d 954 (1946). *A fortiori* an accused's constitutional right not to be placed in jeopardy twice should not be waived by admitting the facts in the indictment after the trial court has overruled his original plea of former conviction.

The majority also holds that, regardless of whether defendant pleaded guilty or not, the trial court's denial of defendant's plea of former jeopardy cannot be grounds for post-conviction relief. The majority holds that a denial of due process is the only constitutional infringement that affords grounds for post-conviction relief. With this I cannot agree.

ORS 138.530 provides one ground for post-conviction relief is "[a] substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

Nothing in this language restricts relief to a denial of one constitutional right, that of due process. In determining whether or not post-conviction relief should be granted, we have considered whether or not other constitutional guarantees have been violated.

*Tuel v. Gladden,* 234 Or 1, 379 P2d 553 (1963) (state constitutional provision directing that punishment should be founded on the principles of reformation, not vindictive justice).

I am of the opinion that there is now properly before us the question of whether the trial court erroneously deprived the defendant of his right to be free from double jeopardy when the trial court overruled defendant's plea of former jeopardy. I am also of the opinion that the plea was improperly overruled for the reason that a conviction for violation of a municipal ordinance is a bar to a prosecution under a state statute for the same offense. *Claypool v. McCauley,* 131 Or 371, 283 P 751 (1929), should be overruled and we should revert to the principle announced in *State v. Smith,* 101 Or 127, 199 P 194, 16 ALR 1220 (1921).

O'CONNELL, J., joins in this dissent.